**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**Miami Division**

Case No. 1:24-cv-21104

BENESSERE INVESTMENT GROUP, LLC,
a Florida limited liability company, and
ARC GLOBAL INVESTMENTS II, LLC, a
Delaware limited liability company,

        Plaintiffs,

v.

ERIC SWIDER, an individual,
ALEXANDER CANO, an individual, and
RENATUS ADVISORS, LLC, a
Delaware limited liability company,

        Defendants.

_____/

## COMPLAINT

    Plaintiffs Benessere Investment Group, LLC and ARC Global Investments II, LLC sue

Defendants Eric Swider, Alexander Cano, and Renatus Advisors, LLC and allege as follows:

### Nature of the Action

    1.    In an audacious scheme to seize control of and enlarge their holdings in a publicly-

traded company poised to merge with Trump Media & Technology Group Corp., Defendants and

other co-conspirators stole access to Plaintiffs' computer systems and files and used the stolen

information to attack Benessere and ARC II managing member, Patrick Orlando. They aimed to

discredit Orlando and convince ARC II investors to disregard its managing member (and their own

Homer Bonner Jacobs Ortiz, P.A.
1200 Four Seasons Tower | 1441 Brickell Avenue | Miami Florida 33131
305 350 5100 | www.homerbonner.com

self-interest) and vote in favor of a merger on terms that promised to dilute their ownership percentages.

2.      This action seeks to stop these outrageous acts through an injunction prohibiting the use of the stolen information and to stop the Defendants hacking of Plaintiffs' systems and information, and damages for the harm that they have already caused.

### The Parties

3.      Plaintiff Benessere Investment Group, LLC ("**Benessere**") is a Florida limited liability company conducting business in Miami-Dade County. Benessere is substantially owned and managed by Patrick Orlando ("**Orlando**").

4.      Plaintiff ARC Global Investments II, LLC ("**ARC II**") is a Delaware limited liability company conducting business in Miami-Dade County. Patrick Orlando is the managing member of ARC II.

5.      Defendant Renatus Advisors, LLC ("**Renatus**") is a Delaware limited liability company conducting business in Miami-Dade County.

6.      Defendant Eric Swider ("**Swider**") is an individual residing in Puerto Rico. Eric Swider is currently the Chief Executive Officer and a Director of Digital World Acquisition Corporation ("**DWAC**"), a publicly-traded company poised to merge with Trump Media & Technology Group Corp. ("**Trump Media**"). Swider owns and controls Renatus.

7.      Defendant Alexander Cano ("**Cano**") is an individual residing in Miami-Dade County, Florida. Cano is currently the President and Secretary of DWAC and employed as a consultant by Renatus.

Homer Bonner Jacobs Ortiz, P.A.
1200 Four Seasons Tower | 1441 Brickell Avenue | Miami Florida 33131
305 350 5100 | www.homerbonner.com

## Jurisdiction and Venue

8.      This Court has subject matter jurisdiction over the federal claims under 28 U.S.C. §§ 1331. This Court also has supplemental jurisdiction over the state law claims under 28 U.S.C. § 1367 as the state law counts arise from the same material facts as the federal question counts and are so related to the federal question counts that they form part of the same controversy.

9.      Defendants are subject to the personal jurisdiction of this Court pursuant to: (a) Florida Statutes § 48.193(1)(a), because Defendants have conducted, engaged in and carried out a business venture within the State of Florida; (b) Florida Statutes § 48.193(1)(b), because Defendants have committed tortious acts within the State of Florida; and (c) Florida Statutes § 48.193(2), because Defendants are engaged in substantial business activities within the State of Florida. In addition, this Court has jurisdiction over Cano because he resides in Miami-Dade County, Florida.

10.     Venue is proper in this district because a substantial part of the events and omissions giving rise to this action occurred in this district. 28 U.S.C. § 1391(b)(2).

## General Allegations

**I.   The Parties' Business Relationships**

11.     In December 2020, DWAC was formed as a special purpose acquisition company "**SPAC**"). Its sole purpose was to acquire an existing target company either by merger, capital stock exchange, asset acquisition, stock purchase, reorganization, or similar business combination.

12.     SPACs raise capital to acquire the target company by completing an initial public offering ("**IPO**").

13.     SPACs are formed by individuals or groups called "sponsors." The SPAC's sponsors provide the initial capital to cover the SPAC's expenses. In exchange for this initial

Homer Bonner Jacobs Ortiz, P.A.
1200 Four Seasons Tower | 1441 Brickell Avenue | Miami Florida 33131
305 350 5100 | www.homerbonner.com

capital, the SPAC's sponsors receive a percentage interest in the SPAC via Class B founder shares. The remaining interest in the SPAC is held by the public in the form of units consisting of one Class A share and a fraction of a redeemable warrant.

14.     DWAC's sponsor is ARC II. ARC II received approximately 19% of the interest in DWAC, primarily in the form of Class B Common Stock.

15.     As DWAC's sponsor, ARC II maintains a group of investors who in this case provided the seed money to enable DWAC to become publicly traded and ultimately achieve its purpose to achieve a merger.

16.     In addition to being the managing member of ARC II, Orlando served as DWAC's Chairman and CEO and currently serves as one of its directors.

17.     On or about October 20, 2021, DWAC entered into a merger agreement with DWAC Merger Sub, Inc. and Trump Media. Pursuant to the merger agreement, DWAC plans to merge with and into Trump Media, with Trump Media surviving the merger as a wholly owned subsidiary of DWAC. Upon consummation of the business combination, DWAC will change its name to "Trump Media & Technology Group Corp."

18.     As DWAC's CEO and Managing Member of ARC II, Orlando led DWAC into a successful execution of a definitive merger agreement with Trump Media.

## II.  Swider and Cano Plot a Coup d'état

19.     Following the announcement of the DWAC/Trump Media Merger Agreement, in or around the first quarter of 2023, Swider, then a director of DWAC, devised a scheme to have Orlando ousted as DWAC's CEO. To carry out his scheme, Swider published false and misleading representations of what was occurring at DWAC to DWAC's directors and other individuals involved in DWAC's business.

Homer Bonner Jacobs Ortiz, P.A.
1200 Four Seasons Tower | 1441 Brickell Avenue | Miami Florida 33131
305 350 5100 | www.homerbonner.com

20.     To garner support for his scheme, Swider offered outsized compensation to the other directors he enlisted to collude with him in exchange for supporting his coup d'état.

21.     Swider devised this scheme to benefit his company, Renatus Advisors, and himself, as he stood to receive massive compensation previously unavailable to him as a director.

22.     Although Swider was successful in having Orlando ousted as CEO and Chairman of DWAC, Orlando continued to be the managing member of ARC II, which owns approximately 19% of DWAC, as well as a director of DWAC.

**III. Swider and Cano Hack Plaintiffs' Computer Systems**

23.     Swider wanted to take control of ARC II as well as DWAC. And to gain control of ARC II and complete his takeover of the entire DWAC enterprise, Swider sought to obtain confidential information about ARC II and its investors, which information was held by Beneserre in a protected electronic storage account at Box.com (the "**Box Account**").

24.     Box.com is a website that offers password-protected storage for computer files. To get information from the Box Account, Swider enlisted the support of Cano, who had served as Orlando's assistant at Benessere until January 30, 2023, after which time Cano was no longer an assistant to Orlando or otherwise engaged by Benessere or authorized to access its files, including the Box Account.

25.     While at Benessere, Cano had credentials to access Benessere's Box Account through his Benessere email account acano@benneserecapital.com.

26.     Benessere's Box Account stores the lifeblood of Benessere's business, as well as that of ARC II and other entities for which Benessere provides consulting services.

27.     After Cano left Benessere and Swider had assumed the role of CEO at DWAC, Swider hired Cano as his personal assistant.

Homer Bonner Jacobs Ortiz, P.A.
1200 Four Seasons Tower | 1441 Brickell Avenue | Miami Florida 33131
305 350 5100 | www.homerbonner.com

28.     Swider knew Cano had access to the Box Account and, upon information and belief, promised Cano that if he helped him monitor and access the information in the account, he would use his sway over DWAC's board to make Cano the president of DWAC and provide him with an outsized compensation package.

29.     Cano agreed to conspire with Swider, and Swider made good on his promise by causing Cano to become the president of DWAC and to receive a convertible note, which converts into 165,000 shares of DWAC's stock.[1]

30.     At some point during 2023, months after Cano had left Benessere, Orlando learned that he had been locked out of the Box Account and that Cano had seized total control of the Box Account as the administrator.

31.     Orlando thereafter demanded that Cano restore access to the account, not realizing that Cano was continuing to access documents from the Box Account.

32.     Months later, Cano finally provided Orlando access to the Box Account. Later, a review of the Box Account files revealed what Swider and Cano had been doing.

33.     Since February 1, 2023, at Swider's direction, Cano has improperly and without any authorization repeatedly accessed the Box Account.

34.     Cano without authorization accessed files, including, without limitation, files containing all information with regard to all investors as well as all financial and other confidential information not only of ARC II but also of Benessere.

35.     Cano immediately provided all the stolen information to Swider who used it, with Cano's assistance, for his own gain and that of Renatus and to injure Plaintiffs.

---

[1] At the time of the award, such stock had transfer restrictions as required by SEC rules but had a then current value of more than $6 million.

Homer Bonner Jacobs Ortiz, P.A.
1200 Four Seasons Tower | 1441 Brickell Avenue | Miami Florida 33131
305 350 5100 | www.homerbonner.com

36.     Cano also granted Swider full editor access, with the ability to edit, delete, upload, and download files from the Box Account.

37.     Cano also added Swider as a "collaborator" on many files in the Box Account.

38.     For example, on March 21, 2023, Cano added Swider as a collaborator on a file called "Logins.xlsx," which contained credentials for Orlando and Benessere to numerous other websites and document repositories such as Docusign.com.

39.     Also on March 21, Cano also added Swider as a collaborator to another file called "Pat's Login Credentials.boxnote," which contained credentials for Orlando and Benessere to numerous other websites and document repositories such as Quickbooks, Benessere email accounts, Docusign, and others.

40.     Cano also changed the credit card on file that Box.com uses to bill for the account from Orlando to another card not under Orlando's control.

**IV. Swider Sends Out Defamatory Emails to ARC II's Members Using Mailchimp**

41.     Utilizing ARC II's confidential member information stolen from the Box Account, on March 5, 2024, Swider sent an email to ARC II's members replete with false and defamatory claims regarding Orlando and his management of ARC II in an attempt to have Orlando removed as ARC II's managing member. *See* Ex. A.

42.     The March 5 email was sent through Mailchimp.com, which is one of the websites for which Benessere's credentials were included in the Logins.xlsx file. On information and belief, the email sent was sent through Mailchip using Benessere's stolen credentials.

43.     Orlando was excluded as a recipient of the March 5 email but discovered it because Swider failed to remove Orlando's wife from the mailing list.

Homer Bonner Jacobs Ortiz, P.A.
1200 Four Seasons Tower | 1441 Brickell Avenue | Miami Florida 33131
305 350 5100 | www.homerbonner.com

44.     Utilizing ARC II's confidential member information stolen from the Box Account, today, on March 21, 2024, Cano sent an email to ARC II's members through Docusign specifying it was on behalf of DWAC but providing the Benessere email address acano@beneinvest.com.

45.     The March 21 email through Docusign also attached a document requesting the ARC II investor provide a decision on whether to convert the ARC II investor's convertible note in ARC II into Trump Media Group shares or cash upon completion of the merger.

46.     Cano and Swider had no authority to send such a document to ARC II's investors and the document sent appears to provide the ARC II investors with false and misleading information.

## V.  Plaintiffs' Efforts to Investigate and Regain Control of Their Computer Systems

47.     On March 20, 2024, Benessere retained a computer forensics expert to investigate Cano's and Swider's unlawful and unauthorized access and regain control of Benessere's accounts.

48.     To date, Benessere has spent at least $6,000 on its computer forensics expert's efforts to investigate Cano's and Swider's unlawful and unauthorized access and regain control of Benessere's accounts.

49.     Still today, Cano continues unlawfully to access and has failed to relinquish control over his Benessere email accounts, including but not limited to acano@benesserecapital.com.

50.     Cano also continues unlawfully to access and has failed to relinquish access to the Box Account.

51.     Still today, Swider continues unlawfully to access and has failed to relinquish access to the Box Account.

52.     Plaintiffs have been and will continue to suffer irreparable injury or harm if a preliminary injunction and permanent injunction are not granted against Plaintiffs.

Homer Bonner Jacobs Ortiz, P.A.
1200 Four Seasons Tower | 1441 Brickell Avenue | Miami Florida 33131
305 350 5100 | www.homerbonner.com

53.     For example, Benessere still does not have administrator privileges over the Box Account and have limited access to the information on the Box Account, which continues to be unlawfully controlled and accessed by Defendants.

54.     Further, Defendants continue to have unlawful access to confidential, proprietary information that they are not entitled to in the Box Account due to their refusal to relinquish control, including information confidential to ARC II.

55.     Further, Defendants continue to unlawfully access Benessere email systems and unlawfully send email from Benessere email accounts.

56.     As recently as today, Cano sent a Docusign (which included a @beneinvest.com email address) to ARC II investors and members falsely claiming that they needed to sign a document to elect to convert their convertible notes and vote in favor of the DWAC/TMTG merger. The problem is, the investors do not have a convertible note with DWAC, but with ARC II.  The email suggests that Swider and Cano are attempting to procure the rights to vote ARC II's shares by fraud.

57.     All actions taken by Swider as described in this Complaint were taken on behalf of himself, Renato, and the conspiracy, among others. The actions taken by Cano were taken on behalf of himself, Renato, and the conspiracy, among others.

58.     The threatened injury to Plaintiffs if preliminary and permanent injunctive relief is not issued outweighs any damage such injunctions may cause to Defendants or those acting in concert with them.

59.     Plaintiffs have no adequate remedy at law to protect their confidential information, business information, and relationships with ARC II investors and others.

Homer Bonner Jacobs Ortiz, P.A.
1200 Four Seasons Tower | 1441 Brickell Avenue | Miami Florida 33131
305 350 5100 | www.homerbonner.com

60.     The public has a cognizable interest in the protection of protected computers, electronic transmissions, and confidential and proprietary information.

## Causes of Action

### Count I – Violation of the Federal Wire Tap Act, 18 U.S.C. § 2510, *et seq.*
### *(by Plaintiffs against All Defendants)*

61.     Plaintiffs reallege paragraphs 1 through 60 as fully set forth herein.

62.     The Federal Wiretap Act, as amended by the Electronic Communications Privacy Act of 1986 (the "**ECPA**"), prohibits the intentional interception of the contents of any wire, oral, or electronic communication through the use of a device. 18 U.S.C. § 2511.

63.     The following constitute "devices" within the meaning of the ECPA, 18 U.S.C. § 2510(5):

    a. The computer codes and programs that Defendants use to track Plaintiffs' communications.

    b. Plaintiffs' browsers and applications.

    c. Plaintiffs' computing and mobile devices.

    d. The web servers of websites from which Defendants tracked and intercepted Plaintiffs' communications and documents, including but not limited to Box.com and mailchimp.com.

    e. The plan that Defendants carried out to effectuate their tracking and interception of Plaintiffs' communications.

64.     Box.com keeps files in intermediate storage and Defendants used their unauthorized access to the Box Account to acquire Plaintiffs' electronic communications contemporaneously with their transmission to the Box Account.

Homer Bonner Jacobs Ortiz, P.A.
1200 Four Seasons Tower | 1441 Brickell Avenue | Miami Florida 33131
305 350 5100 | www.homerbonner.com

65.     Further, once a document was stored in a shared folder, Box.com contemporaneously transmitted copies to the Defendants' computers and other linked devices.

66.     The ECPA protects both the sending and reception of communications.

67.     The ECPA provides a private right of action to any person whose wire, oral, or electronic communication is intercepted. 18 U.S.C. § 2520(a).

68.     Plaintiffs and Defendants are "persons" under 18 U.S.C. § 2510(6).

69.     Defendants intentionally intercepted or endeavored to intercept the contents of Plaintiffs' wire, oral, or electronic communications by surreptitiously hacking into and monitoring the Box Account, Benessere's email systems, and other Benessere computer systems.

70.     Defendants have intentionally disclosed, or endeavored to disclose, to any other person the contents of wire, oral, or electronic communications that they knew or had reason to know was obtained through the interception of a wire, oral, or electronic communication in violation of 18 U.S.C. § 2511.

71.     As a direct and proximate cause of Defendants' wrongful actions, Plaintiffs have been and will continue to be severely and irreparably injured, including by being forced to retain forensic computer experts to investigate Defendants' unauthorized intrusions and assess the damage.

72.     Defendants' actions in tracking and intercepting Plaintiffs' communications were intentional. Defendants are aware that they are tracking and intercepting these communications as outlined in this complaint and they have taken no remedial actions.

73.     Defendants' actions were done contemporaneously with Plaintiffs sending and receiving those communications.

Homer Bonner Jacobs Ortiz, P.A.
1200 Four Seasons Tower | 1441 Brickell Avenue | Miami Florida 33131
305 350 5100 | www.homerbonner.com

74.     Defendants' interception included "contents" of electronic communications made from Plaintiffs to websites and other web properties other than Defendants in the form of detailed URL requests, webpage browsing histories, search queries, and other information that Plaintiffs sent to those websites and for which Plaintiffs received communications in return from those websites.

### Count II – Violation of the Florida Security of Communications Act, § 934.10, Fla. Stat.
*(by Plaintiffs against All Defendants)*

75.     Plaintiffs reallege paragraphs 1 through 60 as fully set forth herein.

76.     Florida's Security of Communications Act, Fla. Stat. § 934.03, et seq., provides that any person whose wire, oral, or electronic communication is intentionally intercepted, disclosed, or used in violation of the statute may bring a civil cause of action against any person or entity who "intercepts, discloses, or uses, or procures any other person to intercept, disclose, or use such communications."

77.     The Florida Security of Communications Act prohibits persons from intentionally intercepting, endeavoring to intercept, or procuring any other person to intercept or endeavor to intercept any wire, oral, or electronic communication without the prior consent of all parties to the communication.

78.     Defendants' conduct violated the Florida Security of Communications Act because Defendants intentionally intercepted and/or recorded, by device or otherwise, private communications between Plaintiffs, as described more fully herein, without first obtaining Plaintiffs' consent.

79.     Defendants' conduct damaged Plaintiffs.

Homer Bonner Jacobs Ortiz, P.A.
1200 Four Seasons Tower | 1441 Brickell Avenue | Miami Florida 33131
305 350 5100 | www.homerbonner.com

### Count III – Violation of the Federal Computer Fraud & Abuse Act
#### *(by Benessere against All Defendants)*

80.     Plaintiffs reallege paragraphs 1 through 60 as fully set forth herein.

81.     Box.com is a cloud storage service that allows users to store date on its computers by transmitting the information over the internet and, such computers are therefore used in interstate commerce and "protected computers."

82.     Benessere's email systems and mailchimp.com are also connected to the internet and therefore used in interstate commerce and "protected computers."

83.     From January 31, 2023 onward, Defendants intentionally and continually accessed Benessere's computer systems covertly to obtain confidential and proprietary information in violation of 18 U.S.C. § 1030(a)(2)(C). Such information includes, but is not limited to, credentials, investor contact information, client lists, financial information, tax information, accounting information, privileged information, ledgers. strategies, and other protected information.

84.     From January 31, 2023 onward, Defendants knowingly and with intent to defraud accessed Benessere's computer systems covertly to further the intended fraud and obtain valuable property for the benefit of Defendants in violation of 18 U.S.C. § 1030(a)(4). Such valuable property includes, but is not limited to, credentials, investor contact information, clients lists, financial information, tax information, accounting information, privileged information, ledgers. strategies, and other protected information.

85.     From January 31, 2023 onward, Defendants intentionally accessed Benessere's computer systems covertly, and as a result of such conduct, caused damage and loss, in violation of 18 U.S.C. § 1030(a)(5)(C).

Homer Bonner Jacobs Ortiz, P.A.
1200 Four Seasons Tower | 1441 Brickell Avenue | Miami Florida 33131
305 350 5100 | www.homerbonner.com

86.     Such access to Benessere's computer systems was never authorized by Benessere, including but not limited to access to Box.com, Mailchimp, or Benessere emails, and were therefore without authorization.

87.     Benessere has suffered damage and loss through the cost of responding to the offenses, including conducting damage assessments and recovering or attempting to recover data, metadata, programs, systems, and other information. These, as well as other losses and damages in an amount to be determined at trial, amount to over $5,000 aggregated over a one-year period.

88.     As a result of these violations, Plaintiffs are entitled to injunctive relief, enjoining Defendants and those acting in concert with them from their unlawful behavior in violation of 18 U.S.C. § 1030.

### Count IV – Violation of Florida Computer Abuse and Data Recovery Act
#### *(by Benessere against All Defendants)*

89.     Plaintiff Benessere realleges paragraphs 1 through 60 as fully set forth herein.

90.     Florida Statutes § 668.803 provides the statutory framework for a private civil action for bad acts with respect to a protected computer.

91.     Swider and Cano conspired to and did obtain information from the Box Account without authorization and, as a result, caused Plaintiffs harm in violation of Florida Statutes § 668.803(1).

92.     The Box Account meets the definition of a "protected computer" under Florida Statutes § 668.802(6).

93.     Swider and Cano conspired to and did transmit a code in the form of changed access users and passwords to the Box Account without authorization and, as a result, caused Plaintiffs harm in violation of Florida Statutes § 668.803(2).

Homer Bonner Jacobs Ortiz, P.A.
1200 Four Seasons Tower | 1441 Brickell Avenue | Miami Florida 33131
305 350 5100 | www.homerbonner.com

94.     Swider and Cano used the ill-gotten information for their own personal gain and were able to profit from same while causing the Plaintiffs significant harm.

### Count V – Violation of the Electronic Stored Communications Act
#### (by Benessere against All Defendants)

95.     Plaintiff Benessere realleges paragraphs 1 through 60 as fully set forth herein.

96.     Benessere is a subscriber to Box.com and Office 365, provider of electronic communication services.

97.     Defendants willfully, knowingly, and intentionally accessed the Box Account and Benessere email accounts, each a facility through which an electronic communication service is provided, without authorization, all in violation of 18 U.S.C. § 2701(a)(1).

98.     Defendants willfully, knowingly, intentionally and without authorization thereby obtained, altered, and prevented authorized access to electronic communications while they are in electronic storage, all in violation of 18 U.S.C. § 2701(a)(1).

99.     As a result of these violations, Benessere is entitled to injunctive relief, enjoining Defendants from their unlawful behavior in violation of 18 U.S.C. § 2701(a)(1).

### Count VI – Tortious Interference with Business Relationships
#### (by Benessere against All Defendants)

100.     Plaintiff Benessere realleges paragraphs 1 through 60 as fully set forth herein.

101.     Swider and Cano, on behalf of themselves individually and on behalf of Renatus, used the information improperly obtained from the Box Account to contact ARC II's investors in an effort to knowingly interfere with ARC II's business relationships with such investors.

102.     Defendants were aware of ARC II's business relationships with the investors and caused harm to such relationships for which ARC II has suffered damages.

103.     Defendants' interference was intentional and unjustified.

Homer Bonner Jacobs Ortiz, P.A.
1200 Four Seasons Tower | 1441 Brickell Avenue | Miami Florida 33131
305 350 5100 | www.homerbonner.com

**Count VII – Tortious Interference with Contractual Relationships**
*(by ARC II against All Defendants)*

104.     Plaintiff ARC II realleges paragraphs 1 through 60 as fully set forth herein.

105.     ARC II at all material times had enforceable contractual agreements with its investors.

106.     Swider, Cano, and Renatus at all times were aware of ARC II's agreements with its investors.

107.     Swider and Cano, on behalf of themselves individually and on behalf of Renatus, used the information improperly obtained from the Box Account to contact ARC II's investors in an effort to knowingly interfere with ARC II's contractual relationships with such investors.

108.     Defendants were aware of ARC II's contractual relationships with the investors and caused harm to such relationships for which ARC II has suffered damages.

109.     Defendants' interference was intentional and unjustified.

110.     As a direct and proximate result of Defendants' interference, ARC II has suffered injury.

**Count VIII – Breach of Fiduciary Duties**
*(by Benessere against Cano)*

111.     Plaintiff Benessere realleges paragraphs 1 through 60 as fully set forth herein.

112.     Cano owed Benessere implied fiduciary duties even after Cano no longer was engaged by Benessere.

113.     During his time engaged by Benessere, Cano had access to and was entrusted with proprietary and confidential information.

114.     Benessere reposed trust and confidence in Cano to, among other things, (ii) not disclose, share, or otherwise use any of the property or information he worked with outside of

Homer Bonner Jacobs Ortiz, P.A.
1200 Four Seasons Tower | 1441 Brickell Avenue | Miami Florida 33131
305 350 5100 | www.homerbonner.com

Benessere; (iii) not at any time, during or after his employment, directly or indirectly divulge to any person any non-public information obtained while performing his duties.

115. Cano accepted the trust and confidence reposed in him by Benessere and assumed the aforementioned fiduciary duties.

116. Cano's breach of his fiduciary duties was willful and malicious.

117. As a direct and proximate result of Cano's breach, of his fiduciary duties, Benessere has suffered injury.

### Count IX – Aiding and Abetting Breach of Fiduciary Duty
*(by Benessere against Swider and Renatus)*

118. Plaintiff Benessere realleges paragraphs 1 through 60 as fully set forth herein.

119. Cano breached his fiduciary duties to Benessere.

120. Swider and Renatus knew that Cano owed fiduciary duties to Benessere.

121. Swider and Renatus substantially assisted or encouraged commission of Cano's breach of fiduciary duty to Benessere by, inter alia, (i) compensating Cano; (ii) securing employment for Cano; (iii) accepting and using Benessere property and information misappropriated by Cano; and (iv) reviewing information in the Box Account.

122. As a direct and proximate result of Swider and Renatus's aiding and abetting Cano's breach of fiduciary duty, Benessere has suffered injury.

### Count X – Civil Conspiracy
*(by Plaintiffs against All Defendants)*

123. Plaintiffs reallege paragraphs 1 through 60 as fully set forth herein.

124. Cano, Swider, Renatus, and others were and are parties to a civil conspiracy to hack into Benessere's computer systems and use the information contained therein to have Orlando ousted as DWAC's CEO and defame Orlando.

Homer Bonner Jacobs Ortiz, P.A.
1200 Four Seasons Tower | 1441 Brickell Avenue | Miami Florida 33131
305 350 5100 | www.homerbonner.com

125.    Cano, Swider, and Renatus combined, conspired, or agreed with others known and unknown, to commit an unlawful act, including but not limited to violations of the federal Computer Fraud and Abuse Act, the federal Wiretap Act, the Florida Security of Communications Act, the Florida Computer Abuse and Data Recovery Act, and tortious interference with Benessere's business relationships with ARC II.

126.    In furtherance of their conspiracy, Cano, Swider, Renatus, and others known and unknown committed, among others, the following overt acts:

a.   After Cano left Benessere, Swider hired Cano as his assistant;

b.   Upon information and belief, Swider promised Cano that if he helped him monitor and access the information in the account, he would use his sway over DWAC's board to make Cano the president of DWAC and provide him with an outsized compensation package;

c.   Swider compensated Cano through Renatus;

d.   On May 18, 2023, Cano, Swider, and Renatus arranged for or directly caused Orlando's user account for the Box Account to be deactivated;

e.   Cano also improperly and without authorization added Swider as a user on the Box Account;

f.   Cano improperly and without authorization added Swider as a "collaborator" on files in the Box Account;

g.   Cano, Swider, and Renatus improperly refused to restore Orlando's access to the Box Account for months;

h.   Cano, Swider, and Renatus continue to unlawfully retain and exercise control of the administrator credentials for the Box Account;

Homer Bonner Jacobs Ortiz, P.A.
1200 Four Seasons Tower | 1441 Brickell Avenue | Miami Florida 33131
305 350 5100 | www.homerbonner.com

i.   Cano also improperly and without authorization changed the credit card on file that Box.com uses to bill for the account from Orlando to another card not under Orlando's control;

j.   Cano and Swider, and Renatus through them, have repeatedly accessed the Box Account without authorization, including, without limitation, files containing all information regarding all investors as well as all financial and other confidential information not only of ARC II, but also of Benessere; and

k.   Cano, Swider, and Renatus have improperly and without authorization communicated with ARC II Investors and others using information from the Box Account to disparage Orlando and further their conspiracy.

127.   Many of the overt acts occurred in around Miami-Dade County, Florida

128.   As a direct and proximate result of the conspiracy between and among Swider, Cano, Renatus and other unnamed co-conspirators and their respective overt acts in furtherance of the conspiracy, Plaintiffs have suffered and continue to suffer damages.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiffs demand judgment against Swider, Renatus, and Cano awarding them damages, attorneys' fees, losses, and costs and imposing a preliminary and permanent injunction, as follows:

a.   enjoining and restraining Swider, Cano, Renatus, and anyone acting in concert with them, from accessing any of Plaintiffs' computers and information, directly or indirectly, including but not limited to the Box Account and Benessere email accounts, for any purpose whatsoever;

Homer Bonner Jacobs Ortiz, P.A.
1200 Four Seasons Tower | 1441 Brickell Avenue | Miami Florida 33131
305 350 5100 | www.homerbonner.com

b. enjoining and restraining Swider, Cano, Renatus, and anyone acting in concert with them, from obtaining, directly or indirectly, any confidential, secured, and/or proprietary information belonging to Plaintiffs;

c. enjoining and restraining Swider, Cano, Renatus, and anyone acting in concert with them, from retaining and/or using, directly or indirectly, any information belonging to Plaintiffs that they acquired without authorization, for any purpose whatsoever;

d. ordering Swider, Cano, Renatus, and anyone acting in concert with them, to immediately take all steps necessary to restore control and dominion over Plaintiffs' computer systems, the Box Account, and email accounts to Plaintiffs, including but not limited to providing Plaintiffs with all credentials for such systems in their possession;

e. ordering Swider, Cano, Renatus, and anyone acting in concert with them, to immediately take all steps necessary to preserve and retain, and enjoining them from destroying, erasing, altering, concealing, or otherwise disposing of, in any manner, directly or indirectly, any documents or records that relate to Plaintiffs, including but not limited to all computer data, electronically stored information, and electronic storage media including flash drives, hard drives, backup tapes, and information stored on internet hosted accounts belonging to Plaintiffs;

f. ordering Swider, Cano, Renatus, and anyone acting in concert with them, to immediately disgorge and return all of Plaintiffs' information in their possession, custody or control to Plaintiffs, in whatever form it exists;

Homer Bonner Jacobs Ortiz, P.A.
1200 Four Seasons Tower | 1441 Brickell Avenue | Miami Florida 33131
305 350 5100 | www.homerbonner.com

g.  ordering Swider, Cano, Renatus, and anyone acting in concert with them, to immediately turn over any computers, mobile devices, or hard drives they used for an independent forensic examination, inspection, and creation of a mirror image; and

h.  awarding Plaintiffs such other and further relief as this Court deems just and proper.

**<u>DEMAND FOR JURY TRIAL</u>**

Plaintiffs demand a trial by jury of all issues triable as of right by jury.

Date: March 21, 2024.

Respectfully submitted:



*Attorneys for Plaintiffs*
1200 Four Seasons Tower
1441 Brickell Avenue
Miami, Florida 33131
Phone: (305) 350-5143
Fax: (305) 982-0069

By: */s/ Antonio M. Hernandez, Jr.*
        Kevin P. Jacobs, Esq.
        Email: kjacobs@homerbonner.com
        Florida Bar No: 169821
        Antonio M. Hernandez, Jr., Esq.
        Email: ahernandez@homerbonner.com
        Florida Bar No: 0117756

Homer Bonner Jacobs Ortiz, P.A.
1200 Four Seasons Tower | 1441 Brickell Avenue | Miami Florida 33131
305 350 5100 | www.homerbonner.com