UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
Miami Division

Case No. 1:24-cv-21104-RUIZ/LOUIS

BENESSERE INVESTMENT GROUP, LLC,
a Florida limited liability company, and
ARC GLOBAL INVESTMENTS II LLC, a
Delaware limited liability company,

       Plaintiffs,

v.

ERIC SWIDER, an individual,
ALEXANDER CANO, an individual, and
RENATUS ADVISORS, LLC, a
Delaware limited liability company,

       Defendants.
_____/

**JOINT STATUS REPORT**

       Plaintiffs Benessere Investment Group, LLC ("Benessere") and ARC Global Investments II LLC ("ARC II") (collectively, "Plaintiffs") and Defendants Eric Swider ("Swider") and Alexander Cano ("Cano") (collectively, "Defendants") file this Joint Status Report pursuant to the Court's November 1, 2024, Order (ECF No. 36).

       1.    On October 2, 2024, Benessere and ARC II filed a Notice of Hearing raising numerous discovery disputes regarding responses from Swider and Cano to requests for production and interrogatories served by Benessere, as well as requests for production served by ARC II (the "Notice of Hearing"). (ECF No. 33.)

       2.    On November 1, 2024, the Court held a Discovery Hearing regarding the issues in the Notice of Hearing. While the Court was able to rule on certain objections regarding specific

1

requests, the parties were instructed to continue efforts to confer and file a Joint Status Report relaying what disputes remain.

3. Since the hearing on November 1, the parties have communicated via email and Teams from November 4, 2024, through November 13, 2024, in an attempt to resolve the outstanding disputes.

4. Immediately following the Court's direction at the November 1, 2024 hearing, Defendants' counsel worked to locate and collect additional sources of information from Defendants Swider and Cano. That process is ongoing.

5. On November 4, 2024, in order to serve amended discovery responses, Defendants inquired whether and to what extent Benessere intended to refine its discovery demands. Defendants further inquired whether Benessere and ARC intended to amend their complaint in order to "avoid any unforeseen amendment and be asked to respond [to discovery] in a shortened period of time." Plaintiffs' counsel responded the following day in part that:

> [W]e are still studying Judge Ruiz's order and working on our next steps, so we are not in a position to comment. We would of course be reasonable regarding the supplemental response time and any necessary accommodations or extensions in such scenario.

6. On November 6, 2024, the parties filed the Stipulated Protective Order which the Court entered, with modifications, on November 7, 2024.

7. On November 8, 2024, at 10:15 a.m., Plaintiffs' counsel sent Defendants' counsel an email stating Plaintiffs' perception of the various remaining issues following the November 1 hearing and Plaintiffs' willingness to narrow certain issues. Plaintiffs' counsel requested confirmation from Defendants' counsel.

8. November 8, 2024 at 5:34 p.m., Swider and Cano jointly served a privilege log and their first rolling production. Plaintiffs are reviewing the privilege log and document production.

Defendants continue reviewing potentially responsive documents for production and anticipate making additional rolling productions in the following weeks, including a second production on Monday, November 18, 2024 (subject to Judge Ruiz's direction on the record at the status conference on November 13, 2024, discussed below).

9. On November 11, 2024, Defendants again inquired whether Plaintiffs intended to amend their complaint as Defendants intended to serve amended discovery responses. Plaintiffs responded on November 12, 2024 at 8:32 a.m. advising that "We anticipate filing our amended complaint tonight on behalf of both ARC and Benessere . . . ."

10. On November 12, 2024, the parties held a meet and confer by Teams to discuss whether and to what extent Plaintiffs intended to refine their discovery demands as directed by the Court and whether and to what extent Defendants would be willing to produce documents subject to new limitations.

11. On November 12, 2024 at 10:49 p.m., Plaintiffs filed an Amended Complaint containing thirteen (13) claims for relief by both Benessere and ARC II, including claims the Court dismissed on October 31, 2024, as well as two (2) new claims for conversion. (ECF No. 41.)

12. On November 13, 2024 at 1:23 a.m., Swider and Cano served their amended responses to the requests for production served by Benessere to comply with this Court's directives to streamline the discovery disputes and substantiate any objections.

13. On November 13, 2024, the parties appeared before the Honorable Rodolfo A. Ruiz II, during which Judge Ruiz addressed the progression of this case and his assessment of the parties' dispute. Judge Ruiz made numerous comments regarding the amended complaint and the relief requested and, in particular, expressed disappointment that the complaint was now broader and characterized it as a "kitchen sink" complaint. Judge Ruiz made clear that the heart and soul

of the case turns on whether Defendants unlawfully accessed the Box account and removed documents they were not authorized to remove, *i.e.*, not Digital World Acquisition Corp. ("DWAC") related documents. Judge Ruiz ordered the parties to mediate this case in conjunction with a court order directing mediation on or before December 23, 2024 in related case, *Trump Media & Technology Group Corp., et al. v. ARC Global Investments LLC, et al.*, Case No. 2024-CA-001061, DIN 296 (Fla. 12th Jud. Cir. Ct. Nov. 8, 2024). Judge Ruiz further advised he would be inclined to enter an order extending Defendants' responsive pleading deadline until the conclusion of mediation should the parties seek such relief and that he would also be willing to stay discovery pending mediation but suggested that the discovery conference proceed as scheduled on November 15, 2024.

14. As a result of Judge Ruiz's direction at the Status Conference, Defendants intend to file a motion to seek an extension of time to file their forthcoming motion to dismiss the amended complaint to be due within fourteen (14) days after mediation. The parties are conferring on whether such motion will be opposed or unopposed.

15. Following conferral efforts and application of the Court's rulings from the November 1 hearing, the remaining issues currently in dispute are as follows:

   a. **Stay of Discovery or Sequencing of Discovery**. Whether discovery should be stayed or otherwise sequenced pending mediation to be proportional and reflective of this stage of the action.

   b. **Time Period**. The parties have remaining disputes regarding the time period for Swider's responses to Benessere's Requests for Productions Nos. 2, 32, and 33, as well as Cano's responses to Benessere's Requests for Productions Nos. 2, 17, 52, and 53. While the parties at least have agreement on a time period of November

2022 to April 1, 2024, Plaintiffs contend that a time period through the present is appropriate for those requests.

c. **Interrogatories**. The parties have remaining disputes regarding Swider's objections to Benessere Interrogatories No. 19.

Dated: November 13, 2024

| **HOMER BONNER JACOBS ORTIZ, P.A.** | **DLA PIPER LLP (US)** |
|---|---|
| */s/ Antonio M. Hernandez, Jr.* <br> Antonio M. Hernandez, Jr. (FBN 0117756) <br> ahernandez@homerbonner.com <br> Kevin P. Jacobs, Esq. (FBN 169821) <br> kjacobs@homerbonner.com <br><br> Homer Bonner Jacobs Ortiz, P.A. <br> 1200 Four Seasons Tower <br> 1441 Brickell Avenue <br> Miami Florida 33131 <br> Phone: (305) 350-5100 <br> Fax: (305) 372-2738 <br> ***Attorneys for Plaintiffs*** | /s/ *Christopher G. Oprison* <br> Christopher G. Oprison (FBN 122080) <br> chris.oprison@dlapiper.com <br> Tal Aburos (FBN 1010901) <br> tal.aburos@dlapiper.com <br><br> DLA Piper LLP (US) <br> 200 South Biscayne Boulevard <br> Suite 2500 <br> Miami, Florida 33131 <br> Tel: (305) 423-8522 <br> Fax: (305) 657-6366 <br> ***Attorneys for Defendants Eric Swider, Alexander Cano, and Renatus Advisors LLC*** |