**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

BENESSERE INVESTMENT GROUP, LLC,
and ARC GLOBAL INVESTMENTS II, LLC,

    Plaintiffs,

v.                                                                 Case No.: 1:24-CV-21104-RAR

ERIC SWIDER, ALEXANDER CANO, and
RENATUS ADVISORS LLC,

    Defendants.
_____/

**DEFENDANTS' EXPEDITED MOTION TO STAY DISCOVERY AND**
**<u>INCORPORATED MEMORANDUM OF LAW</u>**

Defendants Eric Swider ("Swider"), Alexander Cano ("Cano"), and Renatus Advisors LLC ("Renatus") (collectively, "Defendants"), by and through undersigned counsel and pursuant to Federal Rule of Civil Procedure 26 and Local Rule 7.1(d)(2), hereby move the Court for expedited consideration of an order staying all discovery pending resolution of Defendants' Motion to Dismiss Plaintiffs' Amended Complaint With Prejudice (D.E. 60, "Motion to Dismiss"). In support thereof, Defendants state as follows:

## INTRODUCTION

On March 21, 2024, Plaintiffs Benessere Investment Group, LLC ("Benessere") and ARC Global Investments II, LLC ("ARC II") (collectively, "Plaintiffs") initiated this action against Defendants asserting ten (10) statutory and common law claims for relief. On October 31, 2024 this Court entered an order on Defendants' initial motion to dismiss, which disposed of two (2) claims with prejudice and five (5) claims with leave to amend. (D.E. 35, "Order".) This Court's Order also dismissed *all* claims asserted by ARC II. (*Id.* at 26.)

On November 12, 2024, Plaintiffs filed an Amended Complaint, which asserted even *more* claims and even *more* allegations that effectively foreclose any relief from this Court. As this Court recognized at the November 13 Status Conference, this case "is being over litigated." (D.E. 61-1 at 3.) For that reason, Defendants have sought dismissal of Plaintiffs' Amended Complaint with prejudice based on the "insufficient allegations to support" each claim, despite having the opportunity to amend. (*Id.* at 18 ("I am not going to be shocked if the defense comes back and tells me, Judge, there still is insufficient allegations to support all of the elements supporting claims despite you giving an opportunity to amend").) Plaintiffs have not only disregarded this Court's clear instructions regarding the numerous pleading deficiencies identified in their initial complaint but have effectively pled themselves out of court, warranting dismissal with prejudice. (*See*

1

*generally* D.E. 61.) In light of this landscape and the high likelihood that Plaintiffs' "kitchen sink" Amended Complaint will be dismissed in its entirety, a stay of discovery pending resolution of Defendants' Motion to Dismiss is appropriate to conserve both judicial and party resources.

## **REQUEST FOR EXPEDITED TREATMENT**

Defendants bring this Motion on an expedited basis in an effort to mitigate needless and costly discovery disputes manufactured by Plaintiffs' counsel pending this Court's resolution of Defendants' Motion to Dismiss. Defendants respectfully request an expedited ruling on the instant Motion by February 21, 2025. Plaintiffs requested a discovery hearing before Magistrate Judge Louis on February 19, February 20, or February 21. At this time, Judge Louis advised that the Court's earliest hearing availability is February 24, 2024 and instructed the parties to confer on scheduling. Defendants also request expedited treatment in light of the upcoming March 4, 2025 deadline for the parties to exchange expert reports. (*See* D.E. 26.)

As this Court recognized at the November 13 Status Conference, this action is "being over litigated" and is not "the kind of case that needs massive amounts of discovery." D.E. 60-1 at 3, 23–24. Yet, from the outset of this action, Plaintiffs have pushed for overbroad and highly burdensome discovery, which has resulted in several hours of conferrals, thousands of dollars in attorneys' fees in responding to discovery, and two discovery hearings to date. The Court further intimated that, given the "kitchen sink" amended complaint, should Defendants make the request, the Court would likely entertain a motion to stay discovery in order to preserve resources. At this juncture, Plaintiffs have requested a discovery hearing before Magistrate Judge Louis to address whether Defendants are required to re-serve supplemental responses to ARC II's discovery requests, even though those discovery requests were served before the Court dismissed ARC II from the case and before the "kitchen sink" Amended Complaint was filed by Plaintiffs.

Notably, at the November 1, 2024 discovery hearing before Judge Louis, counsel for Plaintiffs inquired into whether ARC II was required to re-serve its discovery should ARC II attempt to replead its claims in an amended complaint. (*See* D.E. 46 at 69:16-70:23.) Guided by Local Rule 7.1(a)(3), Judge Louis instructed the parties to confer on the issue. (*Id.*) The parties have done so. Judge Louis further admonished Plaintiffs' counsel that the dozens of document requests were duplicative and repetitive and could have been boiled down to a handful. (*Id.* at 61:14-17 ("[W]hat you can say in one request for production you should not say in six. . . . They should not be unintelligible either for Defense counsel or for the Court.").) Yet, ARC II continues to demand that Defendants respond to the mooted, exceedingly overbroad and needless discovery despite the fact and refuse to make any effort re-propound more narrowly focused and targeted discovery.

Given the time, effort, and resources Defendants took to work through and narrow the discovery propounded by Benessere, Defendants advised Plaintiffs on November 13, 2024 that ARC's discovery requests mooted by this Court's dismissal Order should be narrowed and re-served. To date, ARC II has not served Defendants with any renewed discovery requests or even attempted to narrow the scope and breadth of its originally served discovery requests. Instead, ARC II has resorted to judicial intervention to compel Defendants to respond to discovery requests rendered moot on October 31, 2024, thereby subjecting Defendants to even more needless litigation costs and discovery disputes.

## **LEGAL STANDARD**

The Court has broad discretion in managing pretrial discovery matters. *See, e.g.*, *Perez v. Miami-Dade Cnty.*, 297 F.3d 1255, 1263 (11th Cir. 2002); *Chudasama v. Mazda Motor Corp.*, 123 F.3d 1353, 1366 (11th Cir. 1997). "Facial challenges to the legal sufficiency of a claim or defense,

3

such as a motion to dismiss based on failure to state a claim for relief, should . . . be resolved before discovery begins." *Isaiah v. JPMorgan Chase Bank*, 960 F.3d 1296, 1308–09 (11th Cir. 2020) (quoting *Chudasama*, 123 F.3d at 1367). A stay is particularly warranted where, as here, a dispositive motion is poised to significantly alter the nature and scope of the action. *See Skuraskis v. Nationsbenefits Holdings, LLC*, 717 F. Supp. 3d 1221, 1231 (S.D. Fla. 2023) (Ruiz, J.).

When considering a motion to stay discovery pending a ruling on a motion to dismiss, "the court must balance the harm produced by a delay in discovery against the possibility that the motion will be granted and entirely eliminate the need for such discovery." *Id.* (citations omitted). This entails taking a "'preliminary peek' at the merits of a dispositive motion to see if it 'appears to be clearly meritorious and truly case dispositive.'" *McCabe v. Foley*, 233 F.R.D. 683, 685 (M.D. Fla. 2006) (citation omitted). Ultimately, a stay is appropriate where a movant shows "necessity, appropriateness, and reasonableness." *Skuraskis*, 717 F. Supp. 3d at 1228 (citations omitted).

## ARGUMENT

**I.   Discovery Should Be Stayed Pending a Ruling on Defendants' Motion to Dismiss.**

**A. Resolution of the Motion to Dismiss Will Eliminate or Significantly Reduce the Discovery Burden and Simplify and Streamline the Issues.**

Defendants have presented convincing grounds for dismissing all thirteen (13) statutory and common law claims for relief in Plaintiffs' "kitchen sink" Amended Complaint (D.E. 61-1 at 7), sufficient to warrant staying discovery pending the outcome of the Court's determination on Defendants' Motion to Dismiss. (*See generally* D.E. 61.). Notwithstanding the Court did not dismiss all counts from the original complaint, Defendants have asserted new and more persuasive grounds for dismissing all counts given the new blend of allegations in the Amended Complaint. As fully set forth in Defendants' Motion to Dismiss, Plaintiffs' claims fail for lack of jurisdiction,

4

failure to state a claim, and otherwise fail as a matter of law. (*Id.* at 5–19.) Taken collectively, Plaintiffs' pleading deficiencies are fatal, and Plaintiffs should not be entitled to any discovery at this point.

Where, as here, Defendants raise a "threshold legal issue[] that may dispose of Plaintiff's claim in its entirety[,]" a stay is appropriate. *Pierce v. State Farm Mut. Auto. Ins. Co.*, No. 14-CV-22691, 2014 WL 12528362, at *1 (S.D. Fla. Dec. 10, 2014). "[D]elaying [a] ruling on a motion to dismiss such a claim until after the parties complete discovery encourages abusive discovery and, if the court ultimately dismisses the claim, imposes unnecessary costs." *Chudasama*, 123 F.3d at 1368. "The Eleventh Circuit instructs that this is precisely when a stay of discovery is warranted." *Borislow v. Canaccord Genuity Grp. Inc.*, No. 14-CV-80134, 2014 WL 12580035, at *1 (S.D. Fla. June 24, 2014); *see also Taylor v. Serv. Corp. Int'l*, No. 20-CV-60709, 2020 WL 6118779, at *2 (S.D. Fla. Oct. 16, 2020) (Ruiz, J.) (granting stay and recognizing that "if the Motion to Dismiss were granted—even in part—it would substantially impact the viability of claims against one or more Defendants and drastically alter the scope of discovery.").

As threshold issues, Plaintiffs' respective claims under the Electronic Stored Communications Act (Count I), Federal Computer Fraud and Abuse Act (Counts IV–VI), and Florida Computer Abuse and Data Recovery Act (Counts VII–IX) fail because they "no longer present[] a live controversy with respect to which the court can give meaningful [injunctive] relief." *Graham v. Att'y Gen. of Ga.*, 110 F.4th 1239, 1244 (11th Cir. 2024). Specifically, while Plaintiffs seek to enjoin Defendants from accessing the Box Account and Benessere's email accounts, these claims are moot in light of Plaintiffs' own concession that Defendants no longer have access to these accounts. (*See* D.E. 61 at 6, 9–10, 11 n.5.) As such, there is no longer an active case or controversy, within the meaning of Article III of the United States Constitution, with

5

respect to these claims. *See Parnell v. Sch. Bd. of Lake Cnty.*, 731 F. Supp. 3d 1298, 1309 (N.D. Fla. 2024) (finding that the court lacked jurisdiction over plaintiffs' claim where the requested injunctive relief was moot); *see also Taylor*, 2020 WL 6118779, at *2 (finding stay appropriate "so the Court can decide gateway issues of Article III standing, a subject matter jurisdiction question that we have previously recognized as providing good cause for a stay of discovery"); *see also In re Mednax Servs., Inc., Customer Data Sec. Breach Litig.*, No. 21-MD-02994, 2021 WL 10428229, at *2 (S.D. Fla. Oct. 9, 2021) (Ruiz, J.) (same).

In addition to these threshold issues, each one of Plaintiffs' claims suffers from other fatal defects, which taken together requires dismissal of the Amended Complaint with prejudice. For instance, Plaintiffs cannot sustain claims for breach of fiduciary duty (Counts II–III), violation of the Federal Computer Fraud and Abuse Act (the "CFAA") (Counts IV–VI), violation of the Florida Computer Abuse and Data Recovery Act (the "CADRA") (Counts VII–IX), tortious interference (Count X), conversion (Counts XI–XII), or civil conspiracy (Count XIII) without alleging damages. (*See* D.E. 61 at 7–8, 10–11, 13–14, 16, 17.) Plaintiffs cannot sustain claims for violation of the CADRA (Counts VII–IX) by conclusorily reciting the statutory elements of these claims. (*Id.* at 12–13.) ARC II cannot sustain a claim for tortious interference (Count X) without alleging an intentional and unjustified interference to a single business relationship. (*Id.* at 14.) Plaintiffs cannot, as a matter of law, sustain claims for conversion (Counts XI–XII) based on property no longer in Defendants' possession  (*Id.* at 15.) Plaintiffs cannot, as a matter of law, sustain a claim for civil conspiracy (Count XIII) when there is no multiplicity of actors *or* where there is no actionable underlying wrong. (*Id.* at 17.) Plaintiffs cannot sustain any claims against Renatus (Counts I, III, XIII) absent alleging any specific facts about its involvement. (*Id.* at 18.) And, finally, Plaintiffs cannot proceed on claims that amount to a shotgun pleading (Counts I, IV-VI,

6

VII-IX, XIII), particularly where this Court has instructed Plaintiffs on how to cure such fatal pleading deficiencies. (*Id.* at 7–9, 11–12, 17).

All of the foregoing are strong and conclusive bases justifying dismissal of the Amended Complaint in its entirety. To proceed with further discovery in this case would force Defendants to devote time and resources to a discovery process focused on invalid claims, which "increases the costs of the case [and] does nothing but waste the resources of the litigants in the action before the court, delay resolution of disputes between other litigants, squander scarce judicial resources, and damage the integrity and the public's perception of the federal judicial system." *Chudasama*, 123 F.3d at 1368; *Leace v. Gen. Motors LLC*, No. 21-CV-60721, 2021 WL 2827759, at *2 (S.D. Fla. July 8, 2021) (Ruiz, J.) ("dismissal of nonmeritorious claims before discovery begins is necessary to minimize undue burdens on litigants and the court system"). Additionally, governing pleading requirements would be meaningless if Plaintiffs could obtain discovery on such threadbare and deficient claims. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678–79 (2009) (the "doors of discovery" do not "unlock" for "a plaintiff armed with nothing more than conclusions."). If this Court grants Defendants' Motion to Dismiss on any of the bases set forth above, that ruling would substantially narrow the scope of discovery in this action. For these reasons, discovery on Plaintiffs' thirteen (13) deficient statutory and common law claims should not be permitted during the pendency of the Court's consideration.

### B. A Stay of Discovery Will Prevent Significant Undue Burden on Defendants and Equally Benefit Plaintiffs.

A stay of discovery is also warranted because the burden on Defendants to respond to Plaintiffs' discovery far outweighs any risk of potential harm to Plaintiffs caused by a short delay pending resolution of Defendants' Motion to Dismiss. *See Taylor*, 2020 WL 6118779, at *1 ("the court must balance the harm produced by a delay in discovery against the possibility that the

7

motion will be granted and entirely eliminate the need for such discovery" (citation omitted)). In fact, both parties stand to benefit by not having to engage in needless extensive discovery before the basic parameters of the case are known (if any).

As this Court recognized at the November 13 Status Conference, this action is "being over litigated" and is not "the kind of case that needs massive amounts of discovery." D.E. 60-1 at 3, 23–24. Yet, from the outset of this action, Plaintiffs have pushed for overbroad and highly burdensome discovery, which has resulted in several hours of conferrals, thousands of dollars in attorneys' fees in responding to discovery, and two discovery hearings to date. Indeed, notwithstanding the seemingly narrow issues at hand, Plaintiffs have collectively propounded 240 discovery requests, many of which bare *zero* relation to the claims alleged. It goes without saying that the sheer volume of data and information being sought from Defendants, while the basic nature of this case is unknown, is completely disproportionate, unduly burdensome, and certainly not commensurate with the scope relief sought. There is no question that the absence of a stay would severely prejudice Defendants. At bottom, Defendants "should not be forced to expend substantial resources answering discovery given the jurisdictional and facial challenges pending before the Court." *Lewis v. Mercedes-Benz USA, LLC*, No. 19-CV-81220, 2020 WL 4923640, at *4 (S.D. Fla. Mar. 25, 2020) (Ruiz, J.); *Gibson v. Lynn Univ., Inc.*, 20-CV-81173, 2020 WL 6700448, at *2 (S.D. Fla. Oct. 29, 2020) (Ruiz, J.) (granting a motion to stay after "having balanced the minimal harm produced by a brief delay in discovery in this case against the possibility that the Motion to Dismiss will be granted and eliminate the need for discovery").

Further, a limited stay would not prejudice Plaintiffs. Should this Court dismiss the instant action, a stay will benefit Plaintiffs because they will not be required to expend time, effort, and costs associated with conducting discovery in a case that asserts no viable claim. Additionally, in

8

the event this case proceeds after resolution of the Motion to Dismiss, Plaintiffs "will have ample opportunity to conduct discovery" at that point. *Goldstein v. Costco Wholesale Corp.*, No. 21-CV-80601, 2021 WL 2827757, at *2 (S.D. Fla. July 8, 2021) (Ruiz, J.); *Borislow*, 2014 WL 12580035, at *1 (holding that plaintiff cannot "reasonably claim prejudice as a result of a stay" because "any discovery to which Plaintiff may ultimately be entitled will be available following the stay."). Finally, any stay of discovery is likely to be brief, as this Court indicated at the November 13 Status Conference that it intends to rule promptly on the Motion to Dismiss. *See* D.E. 60-1 at 17.

## II. Discovery Should Be Stayed Even if This Court Were to Grant Leave to Amend.

It is well settled that discovery *follows* a *well-pled* complaint. *See Inman v. Am. Paramount Fin.*, 517 F. App'x 744, 749 (11th Cir. 2013) ("Discovery should follow the filing of a well-pleaded complaint. It is not a device to enable a plaintiff to make a case when his complaint has failed to state a claim." (citation omitted)); *Liese v. Indian River Cnty. Hosp. Dist.*, 701 F.3d 334, 355 (11th Cir. 2012) ("[P]arties . . . have no entitlement to discovery to develop new claims or defenses that are not already identified in the pleadings."). Despite having leave to amend, Plaintiffs have failed to set forth a single viable claim in their "kitchen-sink" Amended Complaint. Plaintiffs have not only disregarded this Court's clear instructions regarding the numerous pleading deficiencies identified in their initial Complaint but have effectively pled themselves out of court. Thus, even if this Court grants leave to amend, discovery should not be permitted unless and until Plaintiffs file a complaint that states a plausible claim, if ever. *See Brannan for Est. of Goodman v. West*, No. 17-CV-0493, 2018 WL 1440835, at *4 (S.D. Ala. Mar. 22, 2018) ("[D]iscovery is available to a plaintiff only *after* her complaint satisfies the threshold requirements of Rule 8 and *Twombly / Iqbal*, not before." (emphasis in original)); *see also Diulus v. Am. Express Travel Related Servs. Co.*, 823 F. App'x 843, 847 (11th Cir. 2020) ("because their complaint failed to state a claim, they

9

were not entitled to discovery"); *Brantley Cnty. Dev. Partners, LLC v. Brantley Cnty.*, No. 19-CV-109, 2020 WL 3621319, at *5 (S.D. Ga. July 2, 2020) (granting leave to amend and staying discovery "until a ruling on [defendants'] renewed motions to dismiss").

As the United States Supreme Court observed in *Iqbal* and *Twombly,* the very purpose of the plausibility pleading requirement is to ensure discovery does not proceed *prior to* the Court finding a viable claim exists. *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 563 n.8 (2007) ("*before* proceeding to discovery, a complaint must allege facts suggestive of illegal conduct" (emphasis added)); *Iqbal*, 556 U.S. 686 ("We decline respondent's invitation to relax the pleading requirements on the ground that the Court of Appeals promises petitioners minimally intrusive discovery. . . . Because respondent's complaint is deficient under Rule 8, he is not entitled to discovery, cabined or otherwise."). Accordingly, a stay should continue even if the Court grants Plaintiffs leave to amend.

## CONCLUSION

The Amended Complaint does not state a single viable cause of action under federal or Florida law. Therefore, the doors of discovery should be closed until such time, if ever, that Plaintiffs state a sufficient claim against Defendants. As such, Defendants respectfully request that this Court stay all discovery unless and until: (1) the Court rules on the Motion to Dismiss and determines that Plaintiffs' claims may proceed, or (2) the Court grants the Motion to Dismiss with leave to amend and the Court rules on any subsequent Rule 12(b) motion.

## CERTIFICATE OF COMPLIANCE WITH LOCAL RULE 7.1(a)(3)

The undersigned certifies that on February 10, 2025, counsel for Defendants conferred with counsel for Plaintiffs in a good faith effort to resolve the issues raised in this Motion. Counsel for Plaintiffs opposes the relief sought herein.

Dated: February 13, 2025                                Respectfully submitted,

                                              **DLA PIPER LLP (US)**
*/s/ Christopher G. Oprison*
Christopher G. Oprison (FBN 122080)
chris.oprison@dlapiper.com
Tal Aburos (FBN 1010901)
tal.aburos@dlapiper.com
200 South Biscayne Boulevard
Suite 2500
Miami, Florida 33131
Tel: (305) 423-8522
Fax: (305) 657-6366

*Attorneys for Defendants Eric Swider, Alexander Cano, and Renatus Advisors LLC*

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on February 13, 2025, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record via transmission of Notice of Electronic Filing generated by CM/ECF.

                                              */s/ Christopher G. Oprison*
                                              Christopher G. Oprison