# EXHIBIT G

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA
## Miami Division

Case No. 1:24-cv-21104-RAR/LOUIS

BENESSERE INVESTMENT GROUP, LLC,
a Florida limited liability company, and
ARC GLOBAL INVESTMENTS II LLC, a
Delaware limited liability company,

      Plaintiffs,

v.

ERIC SWIDER, an individual,
ALEXANDER CANO, an individual, and
RENATUS ADVISORS, LLC, a
Delaware limited liability company,

      Defendants.
_____/

## PLAINTIFF BENESSERE INVESTMENT GROUP, LLC'S RESPONSES AND OBJECTIONS TO DEFENDANT ALEXANDER CANO'S
## <u>FIRST SET OF INTERROGATORIES</u>

Plaintiff Benessere Investment Group, LLC ("Benessere") by and through its authorized member and undersigned attorneys, pursuant to Federal Rules of Civil Procedure 26 and 33, hereby responds and objects to Defendant Alexander Cano's First Set of Interrogatories.

Dated: January 13, 2025

                                                     Respectfully submitted:



                                                     Attorneys for *Plaintiffs*

                                                     1200 Four Seasons Tower
                                                     1441 Brickell Avenue
                                                     Miami Florida 33131

Phone: (305) 350-5143
Fax: (305) 982-0060

By: */s/ Antonio M. Hernandez, Jr*
Kevin P. Jacobs, Esq.
Email: kjacobs@homerbonner.com
Florida Bar No. 169821
Antonio M. Hernandez, Jr.
Email: ahernandez@homerbonner.com
Florida Bar No. 117756
Sabrina M. Serber
Email: sserber@homerbonner.com
Florida Bar No. 1058312

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing was served on counsel for Defendants (Chris Oprison, Esq.; chris.oprison@dlapiper.com and Tal Aburos, Esq.; tal.aburos@dlapiper.com) by email on this 13th day of January 2025.

*/s/Antonio M. Hernandez, Jr.*
Antonio M. Hernandez, Jr.

## SPECIFIC OBJECTIONS AND RESPONSES

**INTERROGATORY NO. 1:** Identify and describe in detail all documents and information accessed by You from the Box Account and state when You accessed such documents and information.

      RESPONSE: Pursuant to Federal Rule of Civil Procedure 33(d), the answer to this interrogatory may further be derived by examining, auditing, compiling, abstracting, or summarizing Benessere's business records Bates-stamped SDFL24cv21104_Benessere_000003 and the documents that will be produced in response to request for production Nos. 1, 29, 30, 32, 36, 58, 59, and 67 served by Cano, and the burden of deriving or ascertaining the answer will be substantially the same for either party. Further, during the time period of January 31, 2023, through March 21, 2024, the only employees of Benessere with access to the Box Account were Patrick Orlando (for the period Orlando was not locked out). Only entries from Patrick Orlando's user account porlando@beneinvest.com during the Relevant Time Period were documents accessed by Benessere. In addition, the access by the user accounts mrusso@lawgicalinsight.com, vlad@nubiabrand.us, and jaymes@nubiabrand.us were authorized by Benessere,

**INTERROGATORY NO. 2:** Identify and describe all documents and information accessed by Patrick Orlando, in his capacity as Manager of Benessere, from the Box Account and, in so doing, state when he accessed such documents and information.

      RESPONSE: Pursuant to Federal Rule of Civil Procedure 33(d), the answer to this interrogatory may be derived by examining, auditing, compiling, abstracting, or summarizing Benessere's business records Bates-stamped SDFL24cv21104_Benessere_000003 and the documents that will be produced in response to request for production Nos. 1, 29, 30, 32, 36, 55, 58, 59, and 67 served by Cano, and the burden of deriving or ascertaining the answer will be substantially the same for either party. Further, during the time period of January 30, 2023, through March 21, 2024, the only employees of Benessere with access to the Box Account were Patrick Orlando (for the period Orlando was not locked out). Only entries from Patrick Orlando's user account porlando@beneinvest.com during the Relevant Time Period were documents accessed by Patrick Orlando in his capacity as Manager of Benessere.

**INTERROGATORY NO. 3:** Identify all individuals and/or entities with access to the Box Account and describe the circumstances under which each individual was granted access to the Box Account, including who provided access, the date access was authorized, and whether those individuals and/or entities still have access to the Box Account.

      RESPONSE: Pursuant to Federal Rule of Civil Procedure 33(d), the answer to this interrogatory may further be derived by examining, auditing, compiling, abstracting, or summarizing Benessere's business records Bates-stamped SDFL24cv21104_Benessere_000003 and the documents that will be produced in response to request for production Nos. 1, 29, 30, and 36 served by Cano, and the burden of deriving or ascertaining the answer will be substantially the same for either party.

3

HomeR BonneR Jacobs Ortiz, P.A.
1200 Four Seasons Tower | 1441 Brickell Avenue | Miami Florida 33131
305 350 5100 | www.homerbonner.com

Further, during the time period of January 30, 2023, through March 21, 2024, the only employees of Benessere with access to the Box Account were Patrick Orlando (for the period Orlando was not locked out). Such access was authorized by Orlando and granted from inception of the Box Account. Without authorization, Cano deleted Orlando's user account on May 18, 2023. Orlando's user account was created once again on December 4, 2023 by Alexander Cano.

As reflected by the activity log, the other individuals and entities who obtained access to the Box Account during the Relevant Time Period were Alexander Cano, Eric Swider, Katherine Chiles, Natalie Salume, Vlad Prantsevich, Jaymes Winters and certain unknown individuals or entities who are reflected as Anonymous.

Vlad Prantsevich and Jaymes Winters were provided authorization to access limited files on the Box Account by Patrick Orlando in connection with Nubia Brand.

Orlando directed Alexander Cano to create and access the Box Account upon inception of the Box Account. Cano's authorization to access the Box Account was revoked immediately when Orlando terminated his employment on January 30, 2023. Cano continued to access the Box Account without authorization until Benessere was able to retake control of the Box Account on April 3, 2024.

Orlando directed Cano to create an account for Natalie Salume to access the Box Account as a Benessere employee, and Cano created the user account on June 15, 2021. Salume's authorization to access the Box Account was revoked immediately when her employment with Benessere terminated in 2022. Salume continued to access the Box Account as reflected in the activity log without authorization until Benessere was able to retake control of the Box Account on April 3, 2024. As reflected in SDFL24cv21104_Benessere_000003, Natalie Salume had an account with the user name nsalume@dwacspac.com that was created by Alexander Cano without authorization on September 11, 2023. Prior to September 8, 2023, as reflected in SDFL24cv21104_Benessere_000003, Salume continued to access the Box Account without authorization through the user account nsalume@benesserecapital.com at the direction of Swider and Cano, which account Cano deleted without authorization on September 8, 2023.

Neither Eric Swider nor Katherine Chiles was authorized at any time by Benessere or Orlando to access the Box Account. On March 21, 2023, as reflected in SDFL24cv21104_Benessere_000003, Cano without authorization created a user account for Eric Swider associated with the email address eswider@dwacspac.com. Benessere understands that Swider and Cano claim that Cano's, Swider's, Salume's, and Chiles's access to the Box Account was on behalf of the entity formerly known as Digital World Acquisition Corporation. In addition, Eric Swider also used his Renatus email account to share information and documents from the Box Account and Cano was working for Renatus at some of the time of unauthorized access.

In March 2024, Orlando authorized Michael Russo and Andrew Bauta of Lawgical Insight to access and retake control of the Box Account through existing user accounts. Michael Russo also previously had access authorized by Orlando.

Of all the individuals and entities in this response, only Orlando and Benessere still has access to the Box Account.

4

Homer Bonner Jacobs Ortiz, P.A.
1200 Four Seasons Tower | 1441 Brickell Avenue | Miami Florida 33131
305 350 5100 | www.homerbonner.com

**INTERROGATORY NO. 4:** Identify and describe in detail all Box Account documents and information You claim Alexander Cano Accessed without proper authority.

RESPONSE: Pursuant to Federal Rule of Civil Procedure 33(d), the answer to this interrogatory may further be derived by examining, auditing, compiling, abstracting, or summarizing Benessere's business records Bates-stamped SDFL24cv21104_Benessere_000003 and the documents that will be produced in response to request for production Nos. 1, 29, 30, 32, and 36 served by Cano, and the burden of deriving or ascertaining the answer will be substantially the same for either party. All Box Account documents and information accessed by Cano after January 30, 2023 from the Box Account were without authorization.

**INTERROGATORY NO. 5:** Identify and describe in detail Your efforts to gain access to the Box Account after January 31, 2023.

RESPONSE: On May 18, 2023, an email was sent by Box.com to the email account porlando@beneinvest.com stating "Your account has been deleted." Upon receiving that email, within 2 hours, Orlando asked Cano "Did you close box?" and sent a screenshot of the email. Cano did not respond. Further, since receiving that communication, Orlando called Cano on numerous occasions to request access be restored. Orlando also met with Cano in person to request access be restored. Benessere is still reviewing and/or requesting records to determine the precise dates of such calls and meetings. During the calls, Cano stated on numerous occasions that Swider was in charge of the Box Account and would not authorize Cano to provide access to Orlando. Orlando also had numerous message with Cano and Swider in August 2023. On October 5, 2023 Patrick Orlando emailed Eric Swider asking for immediate access to the Box Account in order to access Benessere and ARC II documents before October 6, 2023. On October 6, 2023, Patrick Orlando sent another email to Eric Swider, Natalie Salume, and Alex Cano stating that he needs urgent access to his files on Box. Orlando also sent Swider a message on October 6, 2023 at 4:31 p.m. requesting access to the Box. In addition, pursuant to Federal Rule of Civil Procedure 33(d), the answer to this interrogatory may further be derived by examining, auditing, compiling, abstracting, or summarizing Benessere's business records Bates-stamped SDFL24cv21104_Benessere_000003, and the documents that will be produced in response to request for production Nos. 4-7, 29, 30, and 61-66 served by Cano, and the burden of deriving or ascertaining the answer will be substantially the same for either party.

**INTERROGATORY NO. 6:** Identify and describe in detail Your efforts to deactivate the Box Account after January 31, 2023 and, in doing so, indicate whether your efforts were taken by You or at Your direction through an agent.

RESPONSE: Benessere did not take any efforts to deactivate the Box Account after January 31, 2023 as it still uses the Box Account.

**INTERROGATORY NO. 7:** Identify and describe in detail Your efforts to restrict access to the Box Account.

RESPONSE: Benessere limits access to the Box Account through Box.com's user name and password functionality coupled with two-factor authentications, as well as its ability to limit

5

Homer Bonner Jacobs Ortiz, P.A.
1200 Four Seasons Tower | 1441 Brickell Avenue | Miami Florida 33131
305 350 5100 | www.homerbonner.com

access to specific files and folders. Patrick Orlando, Benessere's Managing Member, determines who is an authorized user and what areas of the Box any authorized user would have access to.

**INTERROGATORY NO. 8:** Identify and describe in detail Your efforts to limit Alexander Cano's access to the Box Account.

RESPONSE: Prior to his termination on January 30, 2023, Cano was authorized to access the account. Cano's authorization to access the Box Account was revoked immediately when Orlando terminated his employment and Cano began working for Renatus Advisors. Cano was working from a remote location for that was not visible to Orlando and never advised Orlando that he was continuing to access the Box Account following his termination. It was not until May 18, 2023, when Orlando received an email notifying him his account was deleted that Orlando discovered Cano had continued to access the Box Account and had removed Orlando's access. Finally, Benessere, through its Managing Member Orlando, engaged counsel to file this action and retained Lawgical Insight to prevent Cano's continued unauthorized access to the Box Account and regain control of the Box Account. In addition, see the responses to Interrogatory Numbers 5 and 9.

**INTERROGATORY NO. 9:** Identify and describe in detail Your efforts to deactivate or discontinue Alexander Cano's credentials to the Box Account after January 31, 2023, and, in doing so, indicate whether Your efforts were taken by You or at Your direction through an agent.

RESPONSE: Benessere, through its Managing Member Orlando, engaged counsel to file this action and engaged Lawgical Insight to prevent Cano's continued unauthorized access to the Box Account and regain control of the Box Account. On April 2, 2024, Benessere, through Lawgical Insight, changed the password associated with Alexander Cano's user account so that he could no longer access the Box Account. Lawgical Insight also similarly changed the password for the email account acano@beneinvest.com so that he could not attempt to gain access by attempting to reset his password. In addition, pursuant to Federal Rule of Civil Procedure 33(d), the answer to this interrogatory may further be derived by examining, auditing, compiling, abstracting, or summarizing Benessere's business records Bates-stamped SDFL24cv21104_Benessere_000003 and SDFL24cv21104_Benessere_0000005057 through SDFL24cv21104_Benessere_0000005207, the documents that will be produced in response to request for production Nos. 4, 5, 29, 30, 36, and 64-66 served by Cano, and the burden of deriving or ascertaining the answer will be substantially the same for either party.

**INTERROGATORY NO. 10:** Identify and describe in detail how Alexander Cano's access to the Box Account and resulting communications with ARC II Investors have injured You and, in doing so, identify the communications at issue, the date such communications were sent, to whom they were sent, by whom, the confidential information allegedly contained, and how those communications purportedly damaged Benessere.

RESPONSE: Cano's unauthorized access to the Box Account has damaged Benessere by causing Benessere to retain counsel and retain Lawgical Insight to investigate and regain control of the Box Account. Benessere was also damaged by having no access from May 18, 2023, to December 4, 2023, to the files stored on the Box Account because Cano without authorization deleted Orlando's user account for the Box Account. Benessere has also incurred the time and

6

Homer Bonner Jacobs Ortiz, P.A.
1200 Four Seasons Tower | 1441 Brickell Avenue | Miami Florida 33131
305 350 5100 | www.homerbonner.com

expense of Orlando in being delayed in accessing documents and being required to obtain access to documents by requesting them by email. Costs associated with these efforts is as follows: $6,000.00 in forensic costs to date, at least $313,715.97 in attorneys' fees and costs incurred to date in this action, and the cost of time of Benessere employees. In addition, Benessere has been irreparably and unquantifiably damaged by the dissemination of confidential information. Benessere has been harmed by the profits that Cano obtained from Swider and Renatus Advisors in the form of compensation in exchange for removing Orlando's and Benessere's access to the Box Account and for accessing information from the Box Account and providing it to Swider.

Benessere was also damaged by incurring costs and labor in switching to a different provider than Box.com as an additional provider after Benessere regained access to the Box Account but before Benessere regained total control of the Box Account, among other business interruption.

In addition, Benessere is aware that at least some individuals who are also investors in or members of ARC II were unwilling to enter into other transactions presented to them by Benessere or permit Benessere to participate in transactions presented by ARC II members due to the conduct of Defendants. Benessere continues investigating that and will supplement accordingly.

Benessere has suffered statutory damages pursuant to 18 U.S.C. 2707(c) for each violation, no less than $1,000. In addition, Benessere is entitled to any profits made by Cano, which includes compensation he obtained from Swider and Renatus Advisors in furtherance of the scheme to access and take control of the Box Account without authorization. *See id.* In addition, because the violations were willful and intentional, Benessere may seek punitive damages. *Id.* All such damages are "appropriate relief." 18 U.S.C. 2707(b) ("In a civil action under this section, appropriate relief includes "(2) damages under subsection (c); and (3)a reasonable attorney's fee and other litigation costs reasonably incurred."). Benessere may also recover compensatory damages for its damage and loss pursuant to 18 U.S.C. 1030(g).

**INTERROGATORY NO. 11:** Identify and describe in detail Your efforts to investigate Alexander Cano's purported unauthorized access and/or use of the Box Account, and all costs associated with such investigation from inception to the present.

RESPONSE:  See the responses to interrogatories numbers 5 and 8-10. In addition, Benessere is continuing to investigate the extent of Cano's unauthorized access and use of the Box Account.

**INTERROGATORY NO. 12:** Identify each ARC II Investor that You claim Alexander Cano and Eric Swider unlawfully contacted, including the identity and contact information of the ARC II Investors affected, their respective capital contributions or investments, and number of TMTG shares purportedly owned by each ARC II Investor.

RESPONSE: Benessere objects to this interrogatory as seeking information that is irrelevant and disproportionate to the needs of the case. Specifically, the interrogatory is not limited to those ARC II Investors for which Benessere is claiming joint and several damages pursuant to the conspiracy, but to all ARC II investors that ARC II claims Cano and Swider unlawfully

contacted. Information pertaining to the respective capital contributions or investments, and number of TMTG shares purportedly owned by each ARC II Investor for which ARC II is not claiming damages is irrelevant and disproportionate to the needs of this case. Further, the request is disproportionate to the needs of the case considering that ARC II is providing the identification of the ARC II investors and members upon which its claims for tortious interference against Eric Swider were propounded. Therefore, the information sought is not proportional to the needs of the case considering the importance of the issues at stake in the action or the importance of the discovery in resolving the issues. Moreover, there is therefore no benefit to the proposed discovery, rendering its benefit outweighed by even minimal burden and expense. The proposed discovery also is disproportionate considering that the damages sought in connection with communications for ARC II investors is mostly for legal fees and other expenses incurred by ARC II in responding to litigation and inquiries from a specific subset of ARC II investors and members and has no connection to the information for the remaining ARC II investors. The other factors of relative access to relevant information and the parties' resources are negligible, particularly as ARC II is producing substantial information, including ARC II's underlying agreements for those business relationships it is claiming damages, and there exist other means of obtaining more precise, relevant information.

Benessere further objects to this interrogatory as seeking discovery for use in other cases with respect to the "respective capital contributions or investments, and number of TMTG shares purportedly owned by each ARC II Investor" beyond those investors for which ARC II is claiming damages in connection with tortious interference.

Answering the unobjected to scope of the interrogatory, ARC II believes that Swider unlawfully contacted most members of ARC II except for Orlando whom they purposely omitted from their communications and who only discovered the communications because they did not omit his wife, Jennifer Withers, who is also a member of ARC II or certain other ARC II members. See also responses to interrogatory number 2. Pursuant to Federal Rule of Civil Procedure 33(d), the answer to this interrogatory may further be derived by examining, auditing, compiling, abstracting, or summarizing ARC II's business records that will be produced in response to request for production Nos. 2, 4-9, 11-12, 21, and 61-66.

**INTERROGATORY NO. 13:** Identify and describe in detail each business relationship with ARC II Investors that You claim was harmed by Alexander Cano's purported unauthorized use of the Box Account, including the identity and contact information of any ARC II Investors affected, how the business relationship was damaged, and the damages or losses stemming from each affected business relationship.

RESPONSE: Cano provided information belonging to ARC II to which Swider was not entitled. ARC II believes that Swider unlawfully contacted most members of ARC II except for Orlando whom he purposely omitted from his communications and who only discovered the communications because he did not omit his wife who is also a member of ARC II or certain other ARC II members. The communications damaged ARC II by fomenting litigation against ARC II for which ARC II has incurred hundreds of thousands of dollars in legal fees and settlements. Specifically, the following litigation has been brought by ARC II members and/or investors following the communications with ARC II investors:

- *ACRA ASSETS S.A., et al., v. ARC GLOBAL INVESTMENTS II LLC, et al.*, No. 2024-1141-LWW (Del. Ch. Ct.);
- *JUSTIN SHANER, et al., v. ARC GLOBAL INVESTMENTS II LLC, et al.*, | No. 2024-020549-CA-01 (Fla. Cir. Ct.);
- *AARON LEON, et al. v. ARC GLOBAL INVESTMENTS II LLC, et al.*, No. 2024-0311-LWW (Del. Ch. Ct.);
- *EDWIN B. TUCKER, et al. v. ARC GLOBAL INVESTMENTS II LLC*, No. 654061/2024 (N.Y. Sup. Ct.); and
- *EDWIN B. TUCKER, et al. v. ARC GLOBAL INVESTMENTS II LLC, et al.*, No. 2024-008668-CA-01 (Fla. Cir. Ct.)

In addition, Benessere incurred burden and expense of manhours in responding to the false statements communicated by Swider. Benessere is entitled to damages for those harms as part of the conspiracy.

Pursuant to Federal Rule of Civil Procedure 33(d), the answer to this interrogatory may further be derived by examining, auditing, compiling, abstracting, or summarizing business records Bates-stamped and the documents that will be produced in response to request for production Nos. 4-12, 21, and 65-70 served by Cano, Cano's responses to ARC II's requests for production Nos. 2, 4, 5, 6, 7, 8, 18, and 19 and Swider's responses to ARC II's requests for production Nos. 2, 4, 5, 6, 7, 8, 20-67, and the burden of deriving or ascertaining the answer will be substantially the same for either party.

**INTERROGATORY NO. 14:** Identify all Benessere members and their respective ownership stakes in ARC II as of the commencement of this Action.

RESPONSE: Benessere objects to this request to the extent it seeks the ownership stakes in ARC II as of the commencement of this Action of Benessere members as seeking information irrelevant to the claims and defenses in this case, particularly as Defendants have not served an answer to the amended complaint. Further, the request is disproportionate to the needs of the case considering the nature of the damages Benessere seeks. There is no relevance to information regarding the ownership stake of Benessere's members in ARC II. Therefore, the information sought is not proportional to the needs of the case considering the importance of the issues at stake in the action or the importance of the discovery in resolving the issues. The other factors of relative access to relevant information and the parties' resources are outweighed by the lack of importance, and there exist other means of obtaining relevant information.

Benessere further objects to this request as seeking discovery for use in other cases. Benessere further objects to this request as seeking apparent post-judgment discovery for use in other cases. Benessere further objects to this discovery as being issued for purposes of harassment rather than for relevant information

Answering the unobjected to scope of the interrogatory, the members and beneficiaries of Franlu, LLC are Orlando, Jennifer Withers, and a foreign trust.

9

Homer Bonner Jacobs Ortiz, P.A.
1200 Four Seasons Tower | 1441 Brickell Avenue | Miami Florida 33131
305 350 5100 | www.homerbonner.com

**INTERROGATORY NO. 15:** Identify all disclosures made by You or Patrick Orlando to the SEC in relation to investigations regarding Benessere, Benessere Capital Acquisition Corp., ARC II, or DWAC.

RESPONSE: Benessere objects to this interrogatory to the extent its seeks disclosures by "Patrick Orlando" in his personal capacity, as Mr. Orlando is not a party to this action and such information is not within the possession, custody, or control of Benessere Investment Group, LLC. Benessere objects to this interrogatory as seeking discovery for use in other cases rather than any relevance to this case and for purposes of harassment. Any disclosures by Benessere

Answering the unobjectionable scope of the interrogatory, Benessere did not make any disclosures to the SEC in relation to investigations regarding Benessere, Benessere Capital Acquisition Corp., ARC II, or DWAC during the Relevant Time Period.

**INTERROGATORY NO. 16:** Identify and describe in detail the facts supporting Your contention that Defendants intentionally intercepted and/or recorded, by device or otherwise, private communications between Plaintiffs, as described more fully herein, without first obtaining Plaintiffs' "consent." *See* Compl. ¶ 78.

RESPONSE: Benessere objects to this interrogatory as seeking information that is irrelevant as the operative Amended Complaint does not contain any contention that Defendants intentionally intercepted and/or recorded, by device or otherwise, private communications between Plaintiffs, as described more fully herein, without first obtaining Plaintiffs' "consent."

**INTERROGATORY NO. 17:** Identify and describe in detail all facts supporting Your contention that Cano breached "implied fiduciary duties" owed to Benessere, including the specific duty owed, specific conduct that gave rise to the implied fiduciary duty, and how Cano purportedly breached the fiduciary duty. *See* Compl. ¶¶ 111-115.

RESPONSE: Cano owed Benessere duties of care, confidentiality, and loyalty, among others, including following his termination from Benessere regarding information gained during his employment with Benessere. His duties arise by virtue of his status as a former COO of Benessere. Cano breached such duties by accessing Benessere's computer systems without authorization, deleting user accounts on Benessere's computer systems without authorization, changing the payment method for Benessere's Box Account, providing Benessere's confidential information (and that of individuals and entities storing data on its computer systems) to non-Benessere personnel including Eric Swider, Natalie Salume, and Katherine Chiles, and assisting Swider in contacting Benessere's vendors to obtain information from them that belongs to Benessere, including but not limited to CS Disco. Only Cano at this stage knows the full extent of his conduct in violation of fiduciary duties, but Benessere will supplement this answer following further discovery.  See also responses to interrogatory numbers 3, 5, 8, 10, and 13.

10

Homer Bonner Jacobs Ortiz, P.A.
1200 Four Seasons Tower | 1441 Brickell Avenue | Miami Florida 33131
305 350 5100 | www.homerbonner.com

Under penalties of perjury, I Patrick Orlando, on behalf of Benessere Investment Group, LLC declare that I have read the foregoing answers to interrogatories, and the facts stated therein, based upon my personal knowledge, are true and correct.

_____
Signature

STATE OF Florida

COUNTY OF Miami-Dade

The foregoing was sworn to and subscribed before me this 13th day of January 2025, by Patrick Orlando, who took an oath and is personally known to me or has produced _____ as identification.

_____
NOTARY PUBLIC

Joseph Porrello
Printed Name of Notary Public

My Commission Expires:

Notary Public State of Florida
Joseph A Porrello
My Commission HH 423013
Expires 11/13/2027

11