# EXHIBIT N

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF FLORIDA
# Miami Division

Case No. 1:24-cv-21104-RAR/LOUIS

BENESSERE INVESTMENT GROUP, LLC,
a Florida limited liability company, and
ARC GLOBAL INVESTMENTS II LLC, a
Delaware limited liability company,

      Plaintiffs,

v.

ERIC SWIDER, an individual,
ALEXANDER CANO, an individual, and
RENATUS ADVISORS, LLC, a
Delaware limited liability company,

      Defendants.
_____/

## PLAINTIFF ARC GLOBAL INVESTMENTS II LLC'S
## RESPONSES AND OBJECTIONS TO DEFENDANT ALEXANDER CANO'S
## FIRST SET OF INTERROGATORIES

Plaintiff ARC Global Investment II LLC ("ARC II") by and through its undersigned attorneys, pursuant to Federal Rules of Civil Procedure 26 and 33, hereby responds and objects to Defendant Alexander Cano's First Set of Interrogatories.

Dated: January 13, 2025

                                                    Respectfully submitted:



Attorneys for *Plaintiffs*

1200 Four Seasons Tower
1441 Brickell Avenue
Miami Florida 33131
Phone: (305) 350-5143
Fax: (305) 982-0060

By: */s/ Antonio M. Hernandez, Jr*
Kevin P. Jacobs, Esq.
Email: kjacobs@homerbonner.com
Florida Bar No. 169821
Antonio M. Hernandez, Jr.
Email: ahernandez@homerbonner.com
Florida Bar No. 117756
Sabrina M. Serber
Email: sserber@homerbonner.com
Florida Bar No. 1058312

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing was served on counsel for Defendants (Chris Oprison, Esq.; chris.oprison@dlapiper.com and Tal Aburos, Esq.; tal.aburos@dlapiper.com) by email on this 13th day of January 2025.

                                                    */s/Antonio M. Hernandez, Jr.*
                                                        Antonio M. Hernandez, Jr.

**INTERROGATORY NO. 1:** Identify and describe in detail all documents and information accessed by You from the Box Account and state when You accessed such documents and information.

RESPONSE: Pursuant to Federal Rule of Civil Procedure 33(d), the answer to this interrogatory may be derived by examining, auditing, compiling, abstracting, or summarizing business records Bates-stamped SDFL24cv21104_Benessere_000003 and the documents that will be produced in response to request for production Nos. 1, 29, 30, 61-64, and 71 served by Cano, and the burden of deriving or ascertaining the answer will be substantially the same for either party. Further, during the time period of January 1, 2023, through March 21, 2024, the only employees and agents of ARC II were Patrick Orlando.

**INTERROGATORY NO. 2:** Identify and describe in detail how Alexander Cano's access to the Box Account and resulting communications with ARC II Investors have injured You and, in doing so, identify the communications at issue, the date such communications were sent, to whom they were sent, by whom, the confidential information allegedly contained, and how those communications purportedly damaged ARC II.

RESPONSE: Cano provided information belonging to ARC II to which Swider was not entitled. ARC II believes that Swider unlawfully contacted most members of ARC II except for Orlando whom he purposely omitted from his communications and who only discovered the communications because Swider did not omit Orlando's wife who is also a member of ARC II or certain other ARC II members. The communications damaged ARC II by fomenting litigation against ARC II for which ARC II has incurred hundreds of thousands of dollars in legal fees settlements. Specifically, the following litigation has been brought by ARC II members and/or investors following the communications with ARC II investors:

- *ACRA ASSETS S.A., et al., v. ARC GLOBAL INVESTMENTS II LLC, et al.*, No. 2024-1141-LWW (Del. Ch. Ct.);
- *JUSTIN SHANER, et al., v. ARC GLOBAL INVESTMENTS II LLC, et al.*, | No. 2024-020549-CA-01 (Fla. Cir. Ct.);
- *AARON LEON, et al. v. ARC GLOBAL INVESTMENTS II LLC, et al.*, No. 2024-0311-LWW (Del. Ch. Ct.);
- *EDWIN B. TUCKER, et al. v. ARC GLOBAL INVESTMENTS II LLC*, No. 654061/2024 (N.Y. Sup. Ct.); and
- *EDWIN B. TUCKER, et al. v. ARC GLOBAL INVESTMENTS II LLC, et al.*, No. 2024-008668-CA-01 (Fla. Cir. Ct.)

In addition, ARC II incurred burden and expense of manhours in responding to the false statements communicated by Swider, and ARC II suffered damages to its reputation.

Aside from any copies or reproduction of information that was publicly available at the time it was in the Box or communicated, Cano owed duties of confidentiality toward all information in the Box account, including the compilation of public information in a manner that was not public.

3

Homer Bonner Jacobs Ortiz, P.A.
1200 Four Seasons Tower | 1441 Brickell Avenue | Miami Florida 33131
305 350 5100 | www.homerbonner.com

Costs and losses associated with Cano's unauthorized access to the Box Account include $6,000.00 in forensic costs to date, at least $313,715.97 in attorneys' fees and costs incurred to date in this action, and the cost of time of ARC II in responding and being delayed in access to information.

Pursuant to Federal Rule of Civil Procedure 33(d), the answer to this interrogatory may further be derived by examining, auditing, compiling, abstracting, or summarizing the documents that will be produced in response to request for production Nos. 4-9, 11-12, 21, and 65-70 served by Cano, Cano's responses to ARC II's requests for production Nos. 2, 4, 5, 6, 7, 8, 18, and 19 and Swider's responses to ARC II's requests for production Nos. 2, 4, 5, 6, 7, 8, 20-67, and the burden of deriving or ascertaining the answer will be substantially the same for either party.

**INTERROGATORY NO. 3:** Identify each ARC II Investor that You claim Alexander Cano and Eric Swider unlawfully contacted, including the identity and contact information of the ARC II Investors affected, their respective capital contributions or investments, and number of TMTG shares purportedly owned by each ARC II Investor.

RESPONSE: ARC II objects to this interrogatory as seeking information that is irrelevant and disproportionate to the needs of the case. Specifically, the interrogatory is not limited to those ARC II Investors for which ARC II is claiming damages, but to all ARC II investors that ARC II claims Cano and Swider unlawfully contacted. Information pertaining to the respective capital contributions or investments, and number of TMTG shares purportedly owned by each ARC II Investor for which ARC II is not claiming damages is irrelevant and disproportionate to the needs of this case. Further, the request is disproportionate to the needs of the case considering that ARC II is providing the identification of the ARC II investors and members upon which its claims for tortious interference against Eric Swider were propounded. Therefore, the information sought is not proportional to the needs of the case considering the importance of the issues at stake in the action or the importance of the discovery in resolving the issues. Moreover, there is therefore no benefit to the proposed discovery, rendering its benefit outweighed by even minimal burden and expense. The proposed discovery also is disproportionate considering that the damages sought in connection with communications for ARC II investors is mostly for legal fees and other expenses incurred by ARC II in responding to litigation and inquiries from a specific subset of ARC II investors and members and has no connection to the information for the remaining ARC II investors. The other factors of relative access to relevant information and the parties' resources are negligible, particularly as ARC II is producing substantial information, including ARC II's underlying agreements for those business relationships it is claiming damages, and there exist other means of obtaining more precise, relevant information.

ARC II further objects to this interrogatory as seeking discovery for use in other cases with respect to the "respective capital contributions or investments, and number of TMTG shares purportedly owned by each ARC II Investor" beyond those investors for which ARC II is claiming damages in connection with tortious interference.

Answering the unobjected to scope of the interrogatory, ARC II believes that Swider unlawfully contacted most members of ARC II except for Orlando whom they purposely omitted from their communications and who only discovered the communications because they did not omit his wife, Jennifer Withers, who is also a member of ARC II. ARC II investors do not own

4

Homer Bonner Jacobs Ortiz, P.A.
1200 Four Seasons Tower | 1441 Brickell Avenue | Miami Florida 33131
305 350 5100 | www.homerbonner.com

shares; but rather membership interests in ARC II. *See also* responses to interrogatory number 2. Pursuant to Federal Rule of Civil Procedure 33(d), the answer to this interrogatory may further be derived by examining, auditing, compiling, abstracting, or summarizing ARC II's business records that will be produced in response to requests for production Nos. 2, 4-9, 11-12, 21, 31, 32, and 65-70.

**INTERROGATORY NO. 4:** Identify and describe in detail each business relationship with ARC II Investors that You claim was harmed or tortiously interfered by Alexander Cano's purported unauthorized use of the Box Account, including the identity and contact information of any ARC II Investor affected, how the business relationship was damaged, and the damages or losses stemming from each affected business relationship.

RESPONSE: Cano provided Swider with the information to contact ARC II's investors and provide false information that harmed ARC II's reputation with ARC II Investors and caused ARC II Investors to sue ARC II in various litigations. The investors and members of ARC II have business relationships with ARC II by virtue of their status as investors or members of ARC II and pursuant to documents memorializing those relationships, such as the operating agreement, notes, and other agreements. See also response to interrogatory number 2. Pursuant to Federal Rule of Civil Procedure 33(d), the answer to this interrogatory may further be derived by examining, auditing, compiling, abstracting, or summarizing the documents that will be produced in response to request for production Nos. 2, 4, 5, 8-9, 11-12, 21, and 32. The plaintiffs in the following actions are the current ARC II investors whose relationship with ARC II has been harmed by the conduct of Cano and Swider:

- *ACRA ASSETS S.A., et al., v. ARC GLOBAL INVESTMENTS II LLC, et al.*, No. 2024-1141-LWW (Del. Ch. Ct.);
- *JUSTIN SHANER, et al., v. ARC GLOBAL INVESTMENTS II LLC, et al.*, | No. 2024-020549-CA-01 (Fla. Cir. Ct.);
- *AARON LEON, et al. v. ARC GLOBAL INVESTMENTS II LLC, et al.*, No. 2024-0311-LWW (Del. Ch. Ct.);
- *EDWIN B. TUCKER, et al. v. ARC GLOBAL INVESTMENTS II LLC*, No. 654061/2024 (N.Y. Sup. Ct.); and
- *EDWIN B. TUCKER, et al. v. ARC GLOBAL INVESTMENTS II LLC, et al.*, No. 2024-008668-CA-01 (Fla. Cir. Ct.)

The damages incurred by each litigation include incurred hundreds of thousands of dollars in legal fees and settlements, which continue to accrue.

The litigation *AARON LEON, et al. v. ARC GLOBAL INVESTMENTS II LLC, et al.*, No. 2024-0311-LWW (Del. Ch. Ct.), cost ARC II over $800,000 in legal fees and resulted in a dismissal of the complaint. ARC II will supplement this interrogatory with the fees associated with the other litigations listed in the answer. In addition, ARC II incurred significant time and expense in responding to inquiries from ARC II Investors that were based on misinformation spread by Swider with the information from the Box Account.

**INTERROGATORY NO. 5:** Identify each ARC II Investor who you allege invested in ARC II in support of the merger between DWAC and TMTG, including the identity and contact information

5

of the ARC II Investors affected, their respective capital contributions or investments, and number of TMTG shares purportedly owned by each ARC II investor.

RESPONSE: ARC II objects to this interrogatory as seeking information that is irrelevant and disproportionate to the needs of the case. Specifically, the interrogatory is not limited to those ARC II Investors for which ARC II is claiming damages, but to all ARC II investors that ARC II claims Cano and Swider unlawfully contacted. Information pertaining to the respective capital contributions or investments, and number of TMTG shares purportedly owned by each ARC II Investor for which ARC II is not claiming damages is irrelevant and disproportionate to the needs of this case. Further, the request is disproportionate to the needs of the case considering that ARC II is providing the identification of the ARC II investors and members upon which its claims for tortious interference against Eric Swider were propounded. Therefore, the information sought is not proportional to the needs of the case considering the importance of the issues at stake in the action or the importance of the discovery in resolving the issues. Moreover, there is therefore no benefit to the proposed discovery, rendering its benefit outweighed by even minimal burden and expense. The proposed discovery also is disproportionate considering that the damages sought in connection with communications for ARC II investors is mostly for legal fees and other expenses incurred by ARC II in responding to litigation and inquiries from a specific subset of ARC II investors and members and has no connection to the information for the remaining ARC II investors. The other factors of relative access to relevant information and the parties' resources are negligible, particularly as ARC II is producing substantial information, including ARC II's underlying agreements for those business relationships it is claiming damages, and there exist other means of obtaining more precise, relevant information.

ARC II further objects to this interrogatory as seeking discovery for use in other cases with respect to the information sought pertaining to ARC II Investors beyond those investors for which ARC II is claiming damages in connection with tortious interference.

Answering the unobjected to scope of the interrogatory, ARC II does not contend that any ARC II Investor "invested in ARC II in support of the merger between DWAC and TMTG." Every ARC II Investor invested in ARC II. Pursuant to Federal Rule of Civil Procedure 33(d), the answer to this interrogatory may further be derived by examining, auditing, compiling, abstracting, or summarizing the documents that will be produced in response to request for production Nos. 8-9, 21, 38, and 39.

**INTERROGATORY NO. 6:** Identify all ARC II members and their respective ownership stakes in ARC II as of the commencement of this Action.

RESPONSE: ARC II objects to this interrogatory as seeking information that is irrelevant and disproportionate to the needs of the case. Specifically, the interrogatory is not limited to those ARC II Investors for which ARC II is claiming damages, but to all ARC II Investors. Information pertaining to the respective ownership stakes for each ARC II Investor for which ARC II is not claiming damages is irrelevant and disproportionate to the needs of this case. Further, the request is disproportionate to the needs of the case considering that ARC II is providing the identification of the ARC II investors and members upon which its claims for tortious interference against Eric Swider were propounded. Therefore, the information sought is not proportional to the needs of the case considering the importance of the issues at stake in the action or the importance of the

6

Homer Bonner Jacobs Ortiz, P.A.
1200 Four Seasons Tower | 1441 Brickell Avenue | Miami Florida 33131
305 350 5100 | www.homerbonner.com

discovery in resolving the issues. Moreover, there is therefore no benefit to the proposed discovery, rendering its benefit outweighed by even minimal burden and expense. The proposed discovery also is disproportionate considering that the damages sought in connection with communications for ARC II investors is mostly for legal fees and other expenses incurred by ARC II in responding to litigation and inquiries from a specific subset of ARC II investors and members and has no connection to the information for the remaining ARC II investors. The other factors of relative access to relevant information and the parties' resources are negligible, particularly as ARC II is producing substantial information, including ARC II's underlying agreements for those business relationships it is claiming damages, and there exist other means of obtaining more precise, relevant information.

ARC II further objects to this interrogatory as seeking discovery for use in other cases with respect to the information sought pertaining to ARC II Investors beyond those investors for which ARC II is claiming damages in connection with tortious interference.

Answering the unobjected to scope of the interrogatory, pursuant to Federal Rule of Civil Procedure 33(d), the answer to this interrogatory as to the members of ARC II as of the commencement of this Action may be derived by examining, auditing, compiling, abstracting, or summarizing Plaintiffs' Certificate of Interest Parties filed in this Action, D.E. No. 28 and the documents produced in response to request for production No. 32 directed to ARC II.

**INTERROGATORY NO. 7:** Identify all entities or individuals to which ARC II issued promissory notes or other financial instruments in exchange for DWAC or TMTG shares and the respective amounts of shares issued for each promissory note or instrument.

RESPONSE: ARC II objects to this request to the extent it seeks information concerning "promissory notes or other financial instruments" that are as irrelevant to the claims and defenses in this case, particularly as Defendants have not served an answer to the amended complaint. Further, the request is overbroad and disproportionate to the needs of the case considering that ARC II is providing the identification of the ARC II investors and members upon which its claims for tortious interference against Eric Swider were propounded, as well as the promissory notes themselves. The relevance of the information beyond the promissory notes themselves of any other documents concerning promissory notes is not apparent from the pleadings. Therefore, the information sought is not proportional to the needs of the case considering the importance of the issues at stake in the action or the importance of the discovery in resolving the issues. The proposed discovery also is disproportionate considering that the damages sought in connection with communications for ARC II investors is mostly for legal fees and other expenses incurred by ARC II in responding to litigation and inquiries from ARC II investors and is not tied to information in documents concerning promissory notes. The other factors of relative access to relevant information and the parties' resources are negligible, particularly as ARC II is producing the promissory notes, communications with ARC II investors regarding TMTG and DWAC, and other substantial information, and there exist other means of obtaining more precise, relevant information.

ARC II further objects to this request as seeking discovery for use in other cases. ARC II further objects to this request as seeking apparent post-judgment discovery for use in other cases.

7

Homer Bonner Jacobs Ortiz, P.A.
1200 Four Seasons Tower | 1441 Brickell Avenue | Miami Florida 33131
305 350 5100 | www.homerbonner.com

ARC II further objects to this discovery as being issued for purposes of harassment rather than for relevant information

Answering the unobjected to scope of the interrogatory, pursuant to Federal Rule of Civil Procedure 33(d), the answer to this interrogatory as to the identity of "entities or individuals to which ARC II issued promissory notes or other financial instruments" may be derived by examining, auditing, compiling, abstracting, or summarizing the documents that will be produced in response to request for production Nos. 38-39.

**INTERROGATORY NO. 8:** Identify each and every instance, including date and communications platform intercepted with, to support Your contention that "Defendants intentionally intercepted or endeavored to intercept the contents of Plaintiffs' wire, oral, or electronic communications by surreptitiously hacking into and monitoring the Box Account, Benessere's email systems, and other Benessere computer systems." See Compl. ¶ 69.

RESPONSE: ARC II objects to this interrogatory as seeking information that is irrelevant as the operative Amended Complaint does not contain any contention that "Defendants intentionally intercepted or endeavored to intercept the contents of Plaintiffs' wire, oral, or electronic communications by surreptitiously hacking into and monitoring the Box Account, Benessere's email systems, and other Benessere computer systems."

**INTERROGATORY NO. 9:** Identify each and every disclosure of information, including date, information, by whom, and to whom to support Your contention that "Defendants have intentionally disclosed, or endeavored to disclose, to any other person the contents of wire, oral, or electronic communications that they knew or had reason to know was obtained through the interception of a wire, oral, or electronic communication in violation of 18 U.S.C. § 2511." See Compl. ¶ 70.

RESPONSE: ARC II objects to this interrogatory as seeking information that is irrelevant as the operative Amended Complaint does not contain any contention that "Defendants have intentionally disclosed, or endeavored to disclose, to any other person the contents of wire, oral, or electronic communications that they knew or had reason to know was obtained through the interception of a wire, oral, or electronic communication in violation of 18 U.S.C. § 2511."

**INTERROGATORY NO. 10:** Identify all disclosures made by You or Patrick Orlando to the SEC in relation to investigations regarding Benessere, Benessere Capital Acquisition Corp., ARC II, or DWAC.

RESPONSE: ARC II objects to this interrogatory to the extent its seeks disclosures by "Patrick Orlando" in his personal capacity, as Mr. Orlando is not a party to this action, and it is discovery aimed at seeking discovery for use in other cases to which Orlando is a party.

Answering the unobjectionable scope of the interrogatory, ARC II did not make any disclosures to the SEC.

**INTERROGATORY NO. 11:** Identify all members and beneficiaries of Franlu, LLC, which is listed as a member of ARC II in Plaintiffs' Certificate of Interest Parties filed in this Action. See D.E. 28.

RESPONSE: The members and beneficiaries of Franlu, LLC are Orlando, Jennifer Withers, and a foreign trust.

**INTERROGATORY NO. 12:**  Identify all members of Belsize Ventures Ltd., which is listed as a member of ARC II in Plaintiffs' Certificate of Interest Parties filed in this Action. See D.E. 28.

RESPONSE: Belsize Ventures Ltd. is a Cayman Islands limited partnership. It therefore has no members.

9

HomeR BonneR Jacobs Ortiz, P.A.
1200 Four Seasons Tower | 1441 Brickell Avenue | Miami Florida 33131
305 350 5100 | www.homerbonner.com

Under penalties of perjury, I, Patrick Orlando, on behalf of ARC Global Investments II, LLC declare that I have read the foregoing answers to interrogatories, and the facts stated therein, based upon my personal knowledge, are true and correct.

_____
Signature

STATE OF Florida

COUNTY OF Miami-Dade

The foregoing was sworn to and subscribed before me this 13 day of Jan 2025, by Patrick Orlando, who took an oath and is personally known to me or has produced _____ as identification.

_____
NOTARY PUBLIC

Joseph Porrello
Printed Name of Notary Public

My Commission Expires:

Notary Public State of Florida
Joseph A Porrello
My Commission HH 423013
Expires 11/13/2027