UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

BENESSERE INVESTMENT GROUP, LLC,
and ARC GLOBAL INVESTMENTS II, LLC,

    Plaintiffs,

v.                                          Case No.: 1:24-CV-21104-RAR

ERIC SWIDER, ALEXANDER CANO, and
RENATUS ADVISORS LLC,

    Defendants.
_____/

## DEFENDANTS' UNOPPOSED MOTION
## FOR LEAVE TO FILE EXHIBITS UNDER SEAL

Defendants Eric Swider ("Swider"), Alexander Cano ("Cano"), and Renatus Advisors LLC ("Renatus") (collectively, "Defendants"), by and through undersigned counsel and pursuant to S.D. Fla. L.R. 5.4 and Section 9A of the Court's CM/ECF Administrative Procedures, respectfully move for entry of an order permitting the filing under seal of certain exhibits in support of Defendants' Motion for Sanctions. In support thereof, Defendants state as follows:

1. At the crux of this data breach action is Digital World Acquisition Corporation ("DWAC"), now known as Trump Media & Technology Group Corp. ("TMTG"). Plaintiffs Benessere Investment Group, LLC and ARC Global Investments II, LLC (collectively, "Plaintiffs") primarily allege that Defendants engaged in a scheme to take control of Plaintiffs' computer systems and filed and, in turn, used the purportedly stolen confidential information to attack Plaintiffs' managing member, Patrick Orlando ("Orlando"), and remove him as Chief Executive Officer ("CEO") of DWAC. (*See generally* D.E. 41.)

2. During the course of litigation, it has become apparent that Plaintiffs failed to invest any meaningful time or effort in investigating and conducting due diligence to affirm any good

faith basis for their claims.  On March 28, 2025, Defendants served Plaintiffs and their counsel with a letter and motion outlining the basis for sanctions pursuant to Federal Rule of Civil Procedure 11 and 28 U.S.C. § 1927.  Notwithstanding the 21-day safe harbor period afforded by Rule 11(c)(2), Plaintiffs have neither withdrawn the allegations in their Amended Complaint nor narrowed the scope of this action to address the pervasive fundamental deficiencies in the factual bases for the claims.

3. On April 18, 2025, Defendants filed their Motion for Sanctions ("Motion") against Plaintiffs and their counsel.  The Motion references as exhibits eleven (11) documents that have been designated as "Confidential" or "Highly Confidential" pursuant to the Confidentiality and Protective Order entered in this action on November 7, 2024. (*See* D.E. 40.)  Specifically, Exhibits A, C–F, H–M include Box Account activity reports, documents designated by Plaintiffs as documents obtained from the Box Account allegedly without authorization, documents containing or pertaining to confidential business information, or documents disclosing sensitive personally identifiable information.  As such, Defendants respectfully request that the Court permit Defendants to file the Exhibits entirely under seal.

4. While judicial records are presumed public documents, "[t]he right to inspect and copy is not absolute." *See Chi. Tribune Co. v. Bridgestone/Firestone, Inc.*, 263 F.3d 1304, 1311 (11th Cir. 2001) (citing *Nixon v. Warner Comm., Inc.*, 435 U.S. 589, 597 (1978). The "common law right of access may be overcome by a showing of good cause, which requires 'balanc[ing] the asserted right of access against the other party's interest in keeping the information confidential.'" *Donoff v. Delta Air Lines, Inc.*, No. 18-81258-CV-DMM, 2019 WL 2568020, at *1 (S.D. Fla. Mar. 14, 2019) (quoting *Romero v. Drummond Co., Inc.*, 480 F.3d 1234, 1246 (11th Cir. 2007).)  As the Eleventh Circuit articulated in *Romero*:

> In balancing the public interest in accessing court documents against a party's interest in keeping the information confidential, courts consider, among other factors, whether allowing access would impair court functions or harm legitimate privacy interests, the degree of and likelihood of injury if made public, the reliability of the information, whether there will be an opportunity to respond to the information, whether the information concerns public officials or public concerns, and the availability of a less onerous alternative to sealing the documents. A party's privacy or proprietary interest in information sometimes overcomes the interest of the public in accessing the information. . . . Decisions less central to merits resolutions implicate lesser right-to-access considerations.

480 F.3d at 1246 (citations, alterations, and quotations omitted).

5. Defendants submit that good cause exists to seal Exhibits A, C–F, H–M in their entirety. As fully set forth below, each of the Exhibits have been designated as "Confidential" or "Highly Confidential," creating a presumption that they should not be filed on the public docket given the Confidentiality Agreement was signed by all parties and endorsed by the Court. To warrant such designations, the Exhibits have been deemed to contain sensitive business and proprietary information. Filing under seal will ensure the protection of this sensitive business information pertaining to DWAC and other entities from public disclosure, as well as to protect the privacy of parties and non-parties to this action.

| Exhibit No. | Description of Exhibit |
|---|---|
| A | Box Account activity report, which shows the Box Account activity of Defendants Swider and Cano from the inception of the Box Account through April 1, 2024. The Box Account activity report identifies 4,964 rows of confidential and private information showing the user's date and time of access, user's name, user's email, user's IP address, user's action, affected system, affected ID, file size, parent folder, additional document details generated by Box. |
| C | Spreadsheet derived from the Box Account activity report, listing the confidential Box Account documents downloaded by Defendants and Natalie Salume allegedly without authorization. The spreadsheet identifies the name of the affected documents and the parent folders within which the documents were stored in the Box Account. |

| Exhibit No. | Description of Exhibit |
|---|---|
| D | Emails between Patrick Orlando, counsel for DWAC, and DWAC employees regarding confidential business information pertaining to the merger between DWAC and TMTG. Attached to this correspondence is a confidentiality agreement, which has been identified by Plaintiffs in Exhibit C as downloaded by Defendants without authorization. |
| E | Texts between Patrick Orlando and Alexander Cano regarding confidential business information pertaining to SPAC transactions. |
| F | Emails Swider and Cano regarding confidential business information pertaining to DWAC. Attached to this correspondence is the "Logins.xlsx." document, listing login credentials for various accounts, which has been identified by Plaintiffs in Exhibit C as downloaded by Defendants without authorization. |
| H | Email between Patrick Orlando, Cano and insurer pertaining to an insurance quote. Attached to this correspondence is an executive and corporate securities liability quote, which has been identified by Plaintiffs in Exhibit C as downloaded by Defendants without authorization. |
| I | Emails between Patrick Orlando and Cano regarding past-due invoices. Attached to this correspondence is an invoice, which has been identified by Plaintiffs in Exhibit C as downloaded by Defendants without authorization. |
| J | Emails between Patrick Orlando, Cano, and Natalie Salume regarding ARC II member information requested by Patrick Orlando. |
| K | Emails between Patrick Orlando, Cano, and Natalie Salume regarding ARC II member information requested by Patrick Orlando. |
| L | Emails between Patrick Orlando, Cano, Francoise Jakobsson, and accounts receivable specialist regarding past-due invoices. Attached to this correspondence are invoices, which have been identified by Plaintiffs in Exhibit C as downloaded by Defendants without authorization. |
| M | Emails between Swider, Cano, Natalie Salume, Patrick Orlando, and billing specialist regarding past-due invoices. Attached to this correspondence are invoices, which have been identified by Plaintiffs in Exhibit C as downloaded by Defendants without authorization. |

6. In submitting this Motion, Defendants do not concede that they were unauthorized to access or possess the Exhibits. However, Defendants acknowledge that granting public access to Exhibits A, C–F, H–M could jeopardize the legitimate business interests of DWAC and other

entities.  It would also cause harm to parties and non-parties involved in this action by exposing their confidential investment information in light of the information disclosed in the Box Account activity report and related spreadsheet.  Furthermore, considering the nature of the data breach and hacking claims presented, disclosure of Exhibits A, C–F, H–M would result in irreparable harm to Defendants and potentially expose them to further legal disputes.

**WHEREFORE**, Defendants respectfully request that the Court grant their request to file under seal Exhibits A, C–F, H–M to their Motion for Sanctions, and instruct the Clerk of Court to destroy the sealed materials upon conclusion of the litigation.

### CERTIFICATE OF COMPLIANCE WITH LOCAL RULE 7.1(a)(2)

The undersigned certifies that on April 18, 2025, counsel for Defendants conferred with counsel for Plaintiffs via Teams videoconference in a good faith effort to resolve the issues raised in this Motion.  Counsel for Plaintiffs do not oppose the relief sought herein.

Dated: April 18, 2025

Respectfully submitted,

**DLA PIPER LLP (US)**

*/s/ Christopher G. Oprison*
Christopher G. Oprison (FBN 122080)
chris.oprison@dlapiper.com
Tal Aburos (FBN 1010901)
tal.aburos@dlapiper.com
200 South Biscayne Boulevard
Suite 2500
Miami, Florida 33131
Tel: (305) 423-8522
Fax: (305) 657-6366

*Attorneys for Defendants Eric Swider,
Alexander Cano and Renatus Advisors, LLC*

## **CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY** that on April 18, 2025, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF.  I also certify that the foregoing document is being served this day on all counsel of record via transmission of Notice of Electronic Filing generated by CM/ECF.

*/s/ Christopher G. Oprison*
Christopher G. Oprison