UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

BENESSERE INVESTMENT GROUP, LLC,
and ARC GLOBAL INVESTMENTS II, LLC,

    Plaintiffs,

v.                                                  Case No.: 1:24-CV-21104-RAR

ERIC SWIDER, ALEXANDER CANO, and
RENATUS ADVISORS LLC,

    Defendants.
_____/

## NOTICE OF HEARING

Defendants Eric Swider ("Swider"), Alexander Cano ("Cano"), and Renatus Advisors LLC ("Renatus") (collectively, "Defendants"), by and through undersigned counsel and in accordance with the Discovery Practices and Procedures for Magistrate Judge Lauren Louis, hereby gives notice of the in-person discovery hearing set for Wednesday, May 28, 2025 at 1:30 p.m. at the C. Clyde Atkins United States Courthouse, 11th Floor, 301 North Miami Avenue, Miami, Florida 33128. The substance of the discovery matter to be heard concerns requests for production and interrogatories served on February 21, 2025 by Defendants Swider and Cano on Plaintiffs Benessere Investment Group, LLC ("Benessere") and ARC Global Investments II, LLC ("ARC II") (collectively, "Plaintiffs")[1] as follows:

    **A.**    **Disputes Regarding Plaintiffs' Responses and Objections to Defendants' Interrogatories**

    1.    The Parties dispute the propriety of ARC II's objections to **Swider's Interrogatory Nos. 6–8** and Benessere's objection to **Swider's Interrogatory No. 10** on the basis of relevance, as they specifically seek information regarding Plaintiffs' efforts to confirm that Defendants were

---

[1] Plaintiffs and Defendants are collectively referred to as the "Parties".

not authorized to possess the documents Plaintiffs have identified as allegedly downloaded by Defendants without authorization—in other words, the heart of Plaintiffs' case. The Parties further dispute the sufficiency of ARC II and Benessere's responses to these Interrogatories. Plaintiffs' formulaic objections followed by a response also leaves Defendants uncertain as to whether the requests have been answered in full or if any information is being withheld on the basis of an objection. (*See* ARC II's Resp. and Obj. to Swider's First Interrog. Nos. 6–8; Benessere's Resp. and Obj. to Swider's First Interrog. No. 10.)

2. The Parties dispute the sufficiency of ARC II's responses to **Swider's Interrogatory Nos. 5 and 9** and Benessere's response to **Swider's Interrogatory No. 9**, which specifically seek information pertaining to Plaintiffs' claimed harm to its business relationships. The Parties further dispute the propriety of ARC II's objection to fully answering Swider's Interrogatory No. 9 on the basis that "only Swider knows the full extent of his communications with ARC II investors". (*See* ARC II's Resp. and Obj. to Swider's First Interrogs. Nos. 5, 9; Benessere Resp. and Obj. to Swider's First Interrog. No. 9.)

3. The Parties dispute the propriety of ARC II's objection to answering **Swider's Interrogatory No. 10** for the identification of individuals and entities associated with Belsize Ventures Ltd. ("Belsize") on the basis relevance and as a means to seek discovery for use in other cases (despite the issuance of a Confidentiality and Protective Order entered in this Action, *see* D.E. 40). (*See* ARC II's Resp. and Obj. to Swider's First Interrog. No. 10.)  Specifically, Belsize is an ARC II member whose membership interest is the subject of a lawsuit filed by other ARC II members in the Delaware Chancery Court, *see ACRA Assets S.A., et al., v. ARC Global Investments II LLC, et al.*, No. 2024-1141-LWW (Del. Ch. Ct.) ("*ACRA* Action"). Plaintiffs theorize that the ARCA Action was initiated as a result of Defendants' communications with ARC II members.

(*See* ARC II's Resp. and Obj. to Cano's First Interrogs. Nos. 2–4; Benessere's Resp. and Obj. to Cano's First Interrog. No. 13.) Plaintiffs further claim they are entitled to hundreds and thousands of dollars from Defendants as a result of the attorneys' fees and costs Plaintiffs incurred in having to defending the ACRA Action (among others). (*Id.*)

### B. Disputes Regarding Plaintiffs' Responses and Objections to Defendants' Requests for Production

1. The Parties dispute the propriety of ARC II's objections to **Cano's Request No. 19** and Benessere's objections to **Cano's Request No. 20** and **Swider's Request No. 16** on the basis of relevance, proportionality, and as a means to seek discovery for use in other cases, as the requests seek a full log of the Box Account reflecting all user activity from inception through March 21, 2024. (*See* ARC II's Resp. and Obj. to Cano's Second Req. for Produc. No. 19; Benessere's Resp. and Obj. to Cano's Second Req. for Produc. No. 20; Benessere's Resp. and Obj. to Swider's First Req. for Produc. No. 16.)

2. The Parties dispute the propriety of ARC II's objections to **Swider's Request Nos. 5–18**, which seek documents and communications relating to select ARC II members' investment in ARC II, as well as documents reflecting the consideration paid for their membership interest in ARC II, on the basis of relevance, proportionality, and as a means to seek discovery for use in other cases. (*See* ARC II's Resp. and Obj. to Swider's First Req. for Produc. Nos. 5–18.) Specifically, the membership interest of these ARC II members—namely, Belsize, Franlu, LLC, Antonio Cachay, Carmen Withers, Deborah Withers, Jennifer Withers, and Vanessa Withers—are the subject the *ACRA* Action, which Plaintiffs theorize was initiated as a result of Defendants' communications with ARC II members. (*See* ARC II's Resp. and Obj. to Cano's First Interrogs. Nos. 2–4; Benessere's Resp. and Obj. to Cano's First Interrog. No. 13.) Plaintiffs further claim they are entitled to hundreds and thousands of dollars from Defendants as a result of the attorneys'

3

fees and costs Plaintiffs incurred in having to defending the *ACRA* Action (among others). (*Id.*)

3.  The Parties dispute the propriety of ARC II's objections to **Swider's Request No. 23** on the basis of relevance, proportionality, and as a means to seek discovery for use in other cases, as it seeks documents reflecting equity distributions made to ARC II Members following the expiration of the September 29, 2024 Lock-Up Period. (*See* ARC II's Resp. and Obj. to Swider's First Req. for Produc. No. 23.) Specifically, Plaintiffs' failure to distribute shares owed to ARC II Members is the subject of the *ACRA* Action, which Plaintiffs theorize was initiated as a result of Defendants' communications with ARC II Members. (*See* ARC II 's Resp. and Obj. to Cano's First Interrogs. Nos. 2–4; Benessere's Resp. and Obj. to Cano's First Interrog. No. 13.) Plaintiffs further claim they are entitled to hundreds and thousands of dollars from Defendants as a result of the attorneys' fees and costs Plaintiffs incurred in having to defending the *ACRA* Action (among others). (*Id.*)

4.  The Parties dispute the propriety of ARC II's and Benessere's respective objections to **Cano's Request Nos. 2–3** and **Swider's Request No. 3** based on the time period sought of "November 1, 2022 through the present[.]" (*See* ARC II's Resp. and Obj. to Cano's Second Req. for Produc. No. 3; ARC II's Resp. and Obj. to Swider's First Req. for Produc. No. 3; Benessere's Resp. and Obj. to Cano's Second Req. for Produc. Nos. 2–3; Benessere's Resp. and Obj. to Swider's First Req. for Produc. No. 3.)

## **CERTIFICATE OF COMPLIANCE WITH LOCAL RULE 7.1(a)(2)**

The undersigned certifies that on April 18, 2025 counsel for Defendants conferred by Teams videoconference with counsel for Plaintiffs in a good faith effort to resolve the issues raised in this Notice. The parties also conferred through numerous correspondence between April 22, 2025 and May 15, 2025 to narrow the disputes, but have not been able to resolve those addressed

in this Notice. Defendants will continue to work with Plaintiffs to resolve the issues addressed herein and will advise the Court on any resolutions reached.

Dated: May 19, 2025

Respectfully submitted,

**DLA PIPER LLP (US)**

*/s/ Christopher G. Oprison*
Christopher G. Oprison (FBN 122080)
chris.oprison@dlapiper.com
Tal Aburos (FBN 1010901)
tal.aburos@dlapiper.com
200 South Biscayne Boulevard
Suite 2500
Miami, Florida 33131
Tel: (305) 423-8522
Fax: (305) 657-6366

*Attorneys for Defendants Eric Swider, Alexander Cano, and Renatus Advisors LLC*

**CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY** that on May 19, 2025, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record via transmission of Notice of Electronic Filing generated by CM/ECF.

*/s/ Christopher G. Oprison*
Christopher G. Oprison